## LYONS v CINCINNATI (city)

Ohio Appeals, 1st Dist, Hamilton Co

No 4987. Decided November, 1936

Charles H. Elston, Cincinnati, for plaintiff.

John D. Ellis, City Solicitor, Cincinnati, and Francis T. Bartlett, Assistant City Solicitor, Cincinnati, for defendant.

## OPINION

By ROSS, PJ.

Appeal from the Court of Common Pleas of Hamilton County, the judgment having been entered prior to January 1st, 1936.

The petition sets forth the official character of the defendants, who it will be noticed are, The City of Cincinnati, the acting City Manager, and the Chief of Police. It is then alleged that the plaintiff is engaged in a restaurant business, including a dining room and cigar store. Then follows statements showing interference with the business of the plaintiff by various members of the police force of the City of Cincinnati.

Nowhere is it alleged that the defendants did any of the things of which complaint is made. Nor is there anything in the evidence to establish this fact, except the inference arising from the relationship of the police force to the City of Cincinnati. The acts of a police officer are presumed to have been performed in his official capacity until the contrary is made to appear. N. Y. C. & St. L. Rd. Co. v Fieback, 87 Oh St 254.

The allegation and proof is merely that certain police officers did certain objectionable things and made threats to continue such acts to the irreparable damage of the plaintiff. The petition recites:

"All of the actions of said police officers, herein complained of, have resulted in irreparable damages to the plaintiff and unless restrained by this court will continue to result in irreparable damages to plaintiff's business for which he has no adequate remedy at law. Plaintiff avers that such actions of said police officers constitute an abuse of authority and power, and plaintiff says that said officers are acting arbitrarily, unjustly, and oppressively, and, unless restrained by this court, will continue so to act, and plaintiff will suffer

irreparable damage in the conduct of his business."

The prayer of the petition is:

"WHEREFORE, plaintiff prays that the defendants be enjoined temporarily and permanently from permitting police officers or others of its agents or employes from entering and stationing themselves in plaintiff's place of business and from interfering with plaintiff's employes in the performance of their duties, and from interfering with plaintiff's patrons; and plaintiff further prays that said defendants be enjoined temporarily and permanently from destroying, injuring, or otherwise interfering with telephones or other equipment used by the plaintiff in the conduct and operation of his business and for all other proper relief to which plaintiff may be entitled in equity."

The request is, therefore, in effect that the executive department of the City of Cincinnati be enjoined from "permitting police officers or other of its agents or employes" from interfering with the business of the plaintiff.

It is plain that the judicial department of the government should not even if it can interfere with the executive department in the prevention of crime or the apprehension of law violators. It is well recognized that law enforcing agents are only required to have probable cause to believe a crime is being, or has been committed in order to justify interference with the citizen.

On the other hand, it is apparent that police may by arbitrary, unreasonable, and unjustifiable acts so perform their duties as to render the prosecution of a legitimate business wholly impossible.

There is evidence presented justifying a conclusion that the officer had probable cause to believe offenses against the law were being committed in the plaintiff's place of business. There is also evidence indicating that the activity of the officers in attempting to carry out their duties did interfere with the business of the plaintiff.

The instant action is one in which the court is asked to restrain the city in the exercise of a purely governmental function. Obviously, if this were an action at law in which the city was sought to be held for damages arising from the unwarranted exercise of authority by the police, the action would fail, for the reason that the city is not responsible for acts incident to the exercise of its governmental functions. See: **28 Ohio Jur., 959.**

The proper remedy is against the officer.

Has a court of equity any wider powers in restraining an act of a municipal corporation which would not be cognizable in law?

We have not been able to find authority to this effect.

While it is true there might be great difficulty in restraining effectively improper actions by the police, owing to the change in personnel, we do not consider this sufficient to create a right when it does not otherwise exist.

The remedy of the plaintiff, if any, is against the officers involved in the threatened attack upon the business of plaintiff. This court finds no way of enjoining the city from the exercise of a purely governmental function. In 7 R.C.L., p. 1048, it is stated:

"It is generally recognized that every act done or attempted to be done by any officer of the executive department in his official, and not in his individual, capacity, is shielded from all judicial interference or control, either by mandamus or injunction, even though such act may be founded in an error of judgment, or an entire misapprehension of the official duty under the law. The broad rule just stated has not been accepted everywhere, but on the contrary has been limited by the rule that when duties are imposed on an executive officer in regard to which he has no discretion, and in the execution of which individuals have a direct pecuniary interest, and there is no other plain, speedy, and adequate remedy, he may be required to perform those duties by the compulsory process of mandamus. In many jurisdictions, however, the courts refuse to recognize the power of the judiciary even to compel or restrain the performance of ministerial acts on the part of the chief executive. The fundamental principle upon which the decisions holding this view rests is that, under the provisions of the constitutions of the several states, the executive and judiciary are absolutely independent of each other within the sphere of their respective powers. As to executive officers lower than that of governor, it is generally accepted as the rule that the courts may control their mere ministerial acts by writs, mandamus or restraining."

In Pomeroy's Equity Juris., Vol. 4, (4th ed.) it is stated in §§1750 and 1751:

"An injunction will not issue against an executive officer of the government, nor against one acting under him, to restrain the performance or execution of administrative acts and orders within the scope of his authority. This is based upon the principle which governs also the legal remedy of mandamus. It would be contrary to our theory of government for the judicial department to interfere with the reasonable discretion of the executive. Here, courts of law and of equity refuse the remedies of mandamus and injunction when they will have the effect of controlling a reasonable discretion. Where no question of discretion is involved, both law and equity will interfere without hesitation. It is generally stated that mandamus may issue in a proper case to compel the performance of a ministerial act. The corresponding statement as to injunction is that it may issue in a proper case to restrain an act in excess of the officer's authority.

"When a public officer is vested with discretion, an injunction will not issue to restrain acts coming within the discretionary power unless fraud or corruption is shown, or it is clear that the discretion has been abused. The distinction between discretionary and ministerial acts should be carefully noted, however, for if the act is of a ministerial nature it may be freely enjoined. This distinction has been explained in the preceding section."

In the instant case, any decree that could be drawn against the defendants, as distinguished from the individual officers who may be exceeding their proper authority, would necessarily be a broad restraint upon the use of discretionary powers of the executive department of the City of Cincinnati involved in the proper administration of the police power of such city and such decree would be a definite limitation of the governmental functions of the city, not justified by any known principle in equity.

The injunction will be refused and the petition dismissed.

MATTHEWS and HAMILTON, JJ, concur.