OPINION
These appeals are the result of an automobile collision which occurred on November 23, 1996, when a Columbus Police cruiser, operated by Officer Richard Kirby, struck a car driven by Howard L. Byrd. Mr. Byrd claims to have been driving west on Chantry Road with his wife and daughter, when he passed through the Chantry-Brice Road intersection, and was hit by Officer Kirby who was traveling southbound at a high rate of speed. As a result of the collision, plaintiffs Howard Byrd, Garnet Byrd, and their daughter, Heather Byrd, were seriously injured. Also injured in the collision were Officer Kirby and his partner Officer Terry Carter.
Following the accident, the Columbus Police Department conducted an investigation from which the department concluded that Howard Byrd had in fact been driving in a northerly direction and had turned left into the path of Officer Kirby's vehicle. As a result of the investigation, the department charged Howard Kirby with failing to yield the right of way to an emergency vehicle. However, Howard Byrd was later charged with vehicular homicide when his wife, Garnet, died as a result of injuries she sustained in the collision.
On January 22, 1997, Officers Kirby and Carter commenced an action in the Franklin County Court of Common Pleas (hereafter the "Kirby" action), against Howard Byrd and his insurer, Nationwide Mutual Insurance Company, to recover damages for injuries they had sustained as a result of the collision. In due course, Howard Byrd answered the officers' complaint and counterclaimed for personal injury and property damages, alleging that the negligence of Kirby and Carter had in fact caused the collision.
On November 24, 1997, plaintiffs Howard Byrd, Heather Byrd, and the Estate of Garnet Byrd initiated a separate action (hereafter the "Byrd" action) against Officers Kirby and Carter, the City of Columbus, and Columbus Police Chief James Jackson. The Byrd complaint set forth wrongful death and Section 1983, Title 42, U.S. Code claims against all defendants on behalf of the Estate of Garnet Byrd, personal injury and Section 1983 claims by Heather Byrd, and personal injury, malicious prosecution, abuse of process and Section 1983 claims by Howard Byrd. Soon thereafter, the Byrds moved the trial court to consolidate the Byrd and Kirby actions pursuant to Civ.R. 42(A). The Byrds' motion to consolidate was filed on December 5, 1997, and was granted by the trial court on January 27, 1998.
On December 22, 1997, the City of Columbus moved to dismiss all of the claims set forth in the Byrd action on the grounds that the claims asserted therein were mandatory counterclaims which the Byrds were required to plead in the Kirby action. On July 29, 1998, the trial court granted the city's motion in its entirety, and dismissed the Byrd action pursuant to Civ.R. 13 and Civ.R. 12(B)(6). Appellants now raise the following assignments of error:
 [I.] The trial court erred in dismissing the claims of the Estate of Garnet Byrd and Heather Byrd.
 [II.] The trial court erred in dismissing Howard Byrd's claims against Columbus Police Chief Jackson and the City of Columbus.
 [III.] The trial court erred in dismissing Howard Byrd's malicious prosecution and federal civil rights claims against defendants Carter and Kirby.
In DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189,192, the Ohio Supreme Court explained:
 * * * [I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. * * * Judicial discre-tion must be carefully—and cautiously exercised before this court will uphold an outright dismissal of a case on purely procedural grounds.
A Civ.R. 12(B)(6) motion to dismiss is a procedural motion designed to test the sufficiency of a complaint. Thompsonv. Central Ohio Cellular, Inc. (1994), 93 Ohio App.3d 530, 538, citing Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. The standard to be applied in determining whether or not to dismiss a complaint pursuant to Civ.R. 12(B)(6) is set forth in O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242. In O'Brien, the Ohio Supreme Court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 245, quoting Conley v. Gibson (1957),355 U.S. 41, 45. See, also, Byrd v. Faber (1991), 57 Ohio St.3d 56, 60.
Because the claims of Heather Byrd and the Estate of Garnet Byrd should not have been dismissed, we grant appellants' first assignment of error.
Civ.R. 13(A) provides that:
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. (Italics added).
As set forth above, neither Heather Byrd nor the Estate of Garnet Byrd were parties to the Kirby action. Additionally, neither Heather Byrd nor the Estate of Garnet Byrd shared a common identity or were in privity with Howard Byrd. Cf. Keeley Associates, Inc. v. Integrity Supply, Inc. (1997), 120 Ohio App.3d 1. As such, we must look no further than the face of the rule itself to conclude that Civ.R. 13(A) does not apply to bar the claims of these two parties. In ruling to the contrary, the trial court applied Civ.R. 13(A) to not only parties and those in privity with the parties, but to anyone who potentially has an interest in the circumstances giving rise to a pending action. While Civ.R. 13(H) and Civ.R. 20(A) allow the permissive joinder of additional parties to an action, we have found no rule of law which required Heather Byrd or the Estate of Garnet Byrd to intervene in the Kirby action pursuant to Civ.R. 13 or risk forever losing their claims. Again, Ohio law favors deciding cases on their merits and judicial discretion must be carefully and cautiously exercised before an appellate court will uphold an outright dismissal of a case or claim on purely procedural grounds. DeHart, supra, at 192. Accordingly, appellants' first assignment of error is sustained.
In their second assignment of error, appellants argue the trial court erred when it dismissed Howard Byrd's claims in the Byrd action against the City of Columbus and Police Chief Jackson. For the following reasons, we overrule appellants' second assignment of error.
As noted, Howard Byrd filed an answer and counterclaim in the Kirby action on June 13, 1997. Therein, Byrd asserted personal injury and property damage claims arising out of the collision, alleging that both Officers Kirby and Carter had been operating at the time of the accident in their capacity as Columbus Police Officers. Thereafter, Howard Byrd joined with Heather Byrd and the Estate of Garnet Byrd and filed suit against Officers Kirby, Carter, the City of Columbus, and Chief Jackson. Among the claims raised by Howard Byrd in that action were the same personal and property damage claims raised in Howard Byrd's earlier counterclaim.
Civ.R. 13(A) clearly applies to the claims for personal injury and property damage raised by Howard Byrd against Officers Carter and Kirby in the Byrd action. Additionally, since Howard Byrd counterclaimed against the officers in their official capacity, for purposes of Civ.R. 13, we find that there is sufficient identity between the officers, the City of Columbus, and Chief Jackson, such that Howard Byrd was required to raise his personal injury and property damage claims against Jackson and the city in the Kirby action. See Keeley Associates, Inc., supra.
The acts of a police officer or other public official are presumed to have been performed in his or her official capacity until the contrary is shown. Lyons v. City of Cincinnati
(1936), 55 Ohio App. 458. For example, in the context of Section 1983, Title 42, U.S. Code claims, the United States Supreme Court has held that a suit against a municipality and a suit against a municipal officer acting in his or her official capacity are the same. Brandon v. Holt (1985), 469 U.S. 464. See, also, R.C. 4411.45(B), which provides that a political subdivision is not relieved of liability unless the acts of a driver of a public safety vehicle are manifestly outside the scope of his employment or are committed with malicious purpose, in bad faith, or in a wanton and reckless manner. In other words, a suit against a public officer in his or her official capacity is the same as suing the official's employer. Mayes v. Columbus (1995),105 Ohio App.3d 728, 743, citing Kentucky v. Graham (1985),473 U.S. 159. Thus, Howard Byrd's claims for personal injury and property damage against Chief Jackson and the city should have been raised in the Kirby action. Civ.R. 13(A). See, also, RettigEnterprises, Inc. v. Koehler (1994), 68 Ohio St.3d 274. Accordingly, appellants' second assignment of error is overruled.
In their third assignment of error, appellants argue that the trial court erred when it dismissed Howard Byrd's malicious prosecution, abuse of process, and federal civil rights claims. We agree.
As noted, Civ.R. 13(A) requires a party to state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party "if it arises out ofthe transaction or occurrence that is the subject matter of theopposing party's claim." In Yaklevich v. Kemp, Schaeffer RoweCo., L.P.A. (1994), 68 Ohio St.3d 294, 298-299, the Ohio Supreme Court explained:
 Civ.R. 13(A) provides that, as a general rule, a party must state as a counterclaim any claim he or she has against an opposing party "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." We acknowledge that some courts have found that an abuse of process claim is a compulsory counterclaim in the under-lying litigation, and that the failure to raise such a claim at that time precludes it from being raised in a subsequent suit. * * * However, we, along with many other courts which have considered the issue, do not take that view. * * *
 We agree with the proposition that an abuse of process claim may be raised as a permissive counterclaim in the underlying litigation in the appropriate case. * * * At the same time, we determine that the abuse of process claim need not be raised as a compulsory counterclaim pursuant to Civ.R. 13(A). In a typical case, the abuse of process does not "arise out of the transaction or occurrence that is the subject matter of the underlying claim" (emphasis added) but instead arises from events that occur during the course of the underlying litigation. Therefore we hold that a claim for abuse of process is not a compulsory counterclaim which must be brought in the underlying litigation.
Given the facts of this case, we conclude that Howard Byrd's claims for malicious prosecution, abuse of process, and federal civil rights violations did not arise out of the automobile collision which led to the filing of the Kirby complaint. Rather, those claims are the result of actions and/or conduct which occurred after the action and during the course of this litigation. As such, those claims should not have been dismissed pursuant to Civ.R. 13(A). Accordingly, appellants' third assignment of error is sustained.
In conclusion, appellants' second assignment of error is overruled while their first and third assignments of error are sustained. Accordingly, this matter is remanded to the Franklin County Court of Common Pleas for further proceedings in accordance with this opinion.
Judgment reversed; cause remanded.
BROWN and TYACK, JJ., concur.