### DOUGHERTY v. CUMMINGS.

**1. NEW ACTION WITHIN ONE YEAR AFTER FAILURE OF PRIOR ACTION.**

On the facts of this case, the rights of the parties were to be governed by the limitation laws of Ohio, and not by those of Indiana or Kentucky. And if the claim of the plaintiff sued on in this case was barred by the general statute of limitations of Ohio, but it appears that he had in proper time commenced an action upon it, in which he had failed, otherwise than upon the merits, he might under the provisions of section 4991, Revised Statutes, bring a new action on such claim within one year after such failure.

**2. FORMER ACTION A BAR.**

But in this case the judgment which was pleaded in bar of the plaintiff's right to recover, was one upon the merits, and upon the same issues as were raised in this case, and such judgment was a bar to the successful prosecution of this action by the plaintiff.

ERROR to the court of common pleas of Hamilton county.

SMITH, J.

On July 18, 1892, Edward Cummings filed in the court of common pleas of this county, his petition against Dougherty to recover $9,763, as damages which he averred had accrued to him by reason of a wrongful attachment of a large amount of chattel property owned by him at the time it was so attached, which was done under a writ issued by the circuit court of Floyd county, Ind., in an action then pending in said court, in which one McGuirk was plaintiff and said Cummings was defendant. It averred that at the time the attachment issued, Dougherty became surety on an undertaking given by McGuirk, agreeing to pay to Cummings all damages he might sustain if the proceedings of the plaintiff shall be wrongful and oppressive. This undertaking was given April 24, 1873. He further avers that it was finally adjudged by the supreme court of Indiana in that case on March 7, 1877, that the attachment was illegal, wrongful and oppressive, and the same was dismissed, but that Cummings did not recover his property which had been wasted. Wherefore he sought to recover his damages as aforesaid. The answer of Dougherty contained three defenses: 1st. It averred that the alleged cause of action is barred by the statutes of limitation of Ohio. That when the pretended cause of action accrued against him, he was a

resident of the state of Indiana, and has ever since been. That it was contracted in Indiana, and was to be performed there. That plaintiff was then and ever since has been a resident of the state of Kentucky, and the said McGuirk. That said pretended cause of action is also barred by the statutes of limitation of Kentucky and Indiana. That more than fifteen years have elapsed since the pretended cause of action accrued, and the commencement of this suit.

2d. That in case No. 31,000, of the superior court of Cincinnati, wherein Dougherty was plaintiff and said Cummings defendant, and wherein a judgment was rendered against Cummings, the latter filed an answer and amendments thereto, setting up the identical claims upon which this action is brought, as a counterclaim or set-off to the cause of action of said Dougherty therein. That the said cause was heard and determined in said court and in the general term thereof adversely to, and against Cummings on said counterclaim or set-off so set up. And this judgment was afterwards affirmed by the supreme court of Ohio, and became final, and that the same is a complete bar to this action.

The third defense is in the nature of a general denial.

The reply denied all the averments in the answer which did not admit the allegations of plaintiff's petition.

On those pleadings a trial was had and resulted in a judgment for the plaintiff. A motion for a new trial was filed on the ground that the judgment and finding was against the law and the evidence, and for errors of law occurring at the trial, but it was overruled by the trial judge, and exception duly taken, and a bill of exceptions allowed containing all of the evidence, with the exceptions to the rulings of the court, and this petition in error prosecuted.

From the bill of exceptions taken in the case it appears that on the trial plaintiff offered evidence tending to establish his claims as set out in his petition.

And thereupon the said Dougherty, defendant, to maintain his plea of *res judicata*, offered in evidence the transcript of the record of case No. 31,000, begun in the superior court of this city, August 14, 1874, in which the plaintiff therein, the defendant in this case, sought to recover from the defendant therein, the plaintiff in this case, the amount claimed to be due to him as the assignee of James McGuirk, the amount due on a judgment recovered by said McGuirk against Cummings February 19, 1894, by the consideration of the circuit court of Floyd county, Ind., for $4,739.47.

On the 11th day of November, 1874, as appears from said record, the said Cummings filed an answer in said cause containing three defenses. By the first he sets up that while McGuirk, the assignor of the judgment, was still the owner of it, he (Cummings) had been garnisheed by a creditor of McGuirk for a claim of $3,400, which action was still pending. 2d. That at the date of the assignment of the judgment to Dougherty, McGuirk was indebted to Cummings in the sum of $155, which is a credit in any suit due on the judgment.

3d. By way of counterclaim Cummings set up a claim for damages, for the breach of the undertaking, such as in his case in the court of common pleas, the judgment in which in this proceeding is sought to be reversed.

On February 6, 1875, a reply and demurrer to this answer was filed. As to the second defense he denied it, and he demurred to the first and third defense. This demurrer was, on reservation to the general term, sustained October 23, 1876, and on November 24, 1876, an amended answer was filed, by the third defense of which this counterclaim was again asserted. And on August 8, 1883, a demurrer was filed to this third defense, and a reply to the others. And on October 6, 1884, an amended third defense and counterclaim was filed, making it more clear that it was substantially the same claim asserted by Cummings as that sued on in this case. On September 9, 1886, a demurrer to this third amended defense was filed, alleging as grounds thereof, first, that it does not state facts sufficient to constitute a defense or counterclaim to plaintiff's petition; and second, that there is a misjoinder of parties as to said amended third defense. On March 5, 1887, the court sustained the demurrer, and on October 25, 1887, an

amendment was filed to this third defense, setting up in addition that McGuirk had assigned the judgment sued on to Dougherty to secure him against liability on the undertaking mentioned; that McGuirk was insolvent and not a resident. of Ohio, but of Kentucky, and if Cummings is now compelled to pay the judgment, he will not be able to collect his damages either from McGuirk or Dougherty. On October 5, 1887, a demurrer was filed to this third defense and counterclaim, and on the same day the demurrer was overruled, and a reply to this amended defense was at once filed, denying the allegations of the amendment, and that McGuirk ever gave such a bond as alleged, and denies the dismissal of the attachment or that it was wrongful or oppressive.

The case, as shown by the transcript of the record, proceeded to trial, and judgment was entered for the plaintiff, which, on motion of defendant, was set aside, and on November 5, 1887, this further entry was made: "This day this cause came on further to be heard upon the pleadings and evidence, and defendant with drew the counterclaim set up in the defense to his amended answer filed November 24, 1876, and the plaintiff withdrew his reply to the first defense of the amended answer, filed herein November 24, 1876, and the defendant having offered his evidence rested. Thereupon the plaintiff moved the court that the cause be withdrawn from the jury and for judgment for the amount claimed in the petition, for the reason that there was no evidence offered by the defendant tending to prove his claim as set up in this third defense as amended October, 1884, and October 25, 1887. Thereupon the court finds that the defendant has. not offered any evidence tending to prove said defense or counterclaim, and therefore sustains said motion."

And thereupon the court rendered a judgment for plaintiff on the judgment. set out in the petition (after deducting the amount claimed in the first defense), for $7,219, with interest from October 3, 1887, and for costs. A motion for a new trial was made and overruled, and a bill of exceptions allowed, and error was prosecuted in the supreme court, but the judgment was affirmed by that court about May 25, 1892, and the present action was commenced as has been said July 18, 1892, less than one year after the affirmance by the supreme court of the judgment rendered by the superior court against Cummings in case No. 31,000.

On this state of the case, the questions before us are, whether the present. action is barred by the statute of limitations, or whether the judgment rendered by the superior court in case No. 31,000, is a good defense to this action.

We concur in the view taken by Judge SAYLER, the trial judge, in his. opinion rendered on the overruling of the motion of Dougherty for a new trial, that the statutes of limitation of the state of Ohio govern in this case. And therefore, that if Cummings in case No. 31,000 in the superior court failed to. maintain his third defense or counterclaim asserted by him in that case against Dougherty, on the same cause of action asserted by him in this case, otherwise than upon the merits, that he was at liberty to commence this action within one year after the affirmance of that judgment by the supreme court; and, as it was in fact brought within one year thereafter, and but for the provisions of section 4991, Revised Statutes, it would then have been barred; that under the provisions of such section it was not barred, and that plaintiff had a right to maintain his action, in so far as the statute of limitations was concerned.

But the important question as it seems to us is, did Cummings in that case, fail in the assertion of his said counterclaim, otherwise than upon the merits. The trial judge seems to have held that he did, though we have not been favored with the opinion rendered by him on this question.

The same claim was certainly asserted by Cummings in both actions. His. amended counterclaim setting it up in No. 31,000 was demurred to, but was held by the court to be good, and to state a good claim against Dougherty. The latter then filed an answer or reply to this in the nature of a general denial, denying the making of such a bond as was sued on, and making other allegations which if true, showed that Cummings had no valid claim against him. On this issue

the case proceeded to trial, the burden of establishing the counterclaim resting upon Cummings. The only evidence offered as to what took place on the trial of that issue, was that contained in the transcript of the record of that case, which has been quoted. From that it appears that, in the judgment of the trial court, no evidence was offered by Cummings even tending to support his counterclaim. It may well be, that he did not show that any such bond was ever executed by Dougherty, and consequently there would be no evidence tending to support his claim, and the court in such case was authorized to withdraw the evidence and render a judgment against Cummings on his counterclaim as was done. We are unable to see why this is not a final adjudication against Cummings on the merits, and not a mere nonsuit as to his claim.

The argument against this view, as presented by counsel for Cummings is, as we understand it, that the counterclaim thus asserted against Dougherty by Cummings was not a legal and valid one; that as there were two makers of the bond, in an action by one of them (Dougherty, the surety), against Cummings, the latter could not under the law properly set up the counterclaim he had for damages against both for the breach of the bond, and it is said that the demurrers to the original counterclaims had been sustained upon this ground. But amendments were made to it, and the court held that as amended, it stated a good claim against Dougherty, and it is not at all clear that the holding was erroneous. But, however this may be, an issue was raised thereon, and it was tried and adjudged against Cummings. The court had full jurisdiction of the subject matter and of the parties, and so far as we can see, if a judgment had been rendered against Dougherty on the counterclaim, it would have been valid and binding, unless reversed, even if the court had erred in overruling the demurrer to the amended counterclaim. And we think the same is the case to the judgment rendered in favor of Dougherty, which was that Cummings had no valid counterclaim against him. We see no evidence whatever in the case that tends to show that Cummings failed otherwise than upon the merits. The court did not sustain a demurrer to his amended counterclaim—it did not by any entry upon its journal find that no evidence could be received to support the counterclaim. All that was done so far as appears was to decide that Cummings had not produced evidence tending to support his valid counterclaim, as made in his answer.

Our conclusion then is, that the judgment in No. 31,000 was a bar to the recovery on the same claim in this cause, and that as the former action on the counterclaim did not fail otherwise than upon the merits, that the present action is barred by the statute of limitations and that the trial court erred in refusing to grant a new trial. The judgment will therefore be reversed.

*Peck & Shaeffer*, for Plaintiff in Error.

*C. W. Baker*, for Defendant in Error.