**NEWCOMER & McCARTER, Appellee,**

v.

**AL–MARAYATI, Appellant.**

[Cite as *Newcomer & McCarter v. Al–Marayati* (1991), 72 Ohio App.3d 293.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–135.

Decided Jan. 25, 1991.

*Gary E. Horn,* for appellee.

*Thomas G. Papps,* for appellant.

ABOOD, Judge.

This is an appeal from a judgment of the Toledo Municipal Court, in which the trial court granted appellee's motion to dismiss appellant's counterclaim. Appellant sets forth one assignment of error:

"The Trial Court erred in sustaining the Plaintiff's Motion for Summary Judgment, and dismissing Defendant's Counter–Claim."

The undisputed facts that are relevant to the issues raised on appeal are as follows. Prior to the proceedings below, appellant had retained appellee, a

legal partnership licensed to practice law in the state of Ohio, to represent him in litigation in federal court. During the course of those proceedings, appellant gave certain documents to appellee for possible use in that litigation. While some of the documents were used and some were not used, all the documents were the personal property of appellant and were not the work product of appellee. Subsequent to the conclusion of the federal court trial, appellant sought the return of his documents. Appellee refused to return them to appellant, however, until such time as appellant paid the balance due on the attorney fees incurred for that litigation. On October 4, 1989, appellee filed a complaint in the Toledo Municipal Court to recover the remaining unpaid attorney fees. On November 21, 1989, appellant filed an answer and counterclaim, alleging that appellee wrongfully retained his documents. On December 18, 1989, appellee filed a motion to dismiss appellant's counterclaim, pursuant to Civ.R. 12(B)(6), and on January 3, 1990, appellant filed his response. On February 6, 1990, following oral arguments the trial court granted appellee's motion and dismissed appellant's counterclaim as having been "prematurely" filed. On February 27, 1990, appellee filed a motion for judgment on the pleadings as to his complaint, which was unopposed, and on March 27, 1990, the trial court granted judgment in favor of appellee. Appellant appeals only that portion of the judgment which dismissed his counterclaim.

In his sole assignment of error, appellant asserts that the trial court erred in granting appellee's motion to dismiss appellant's counterclaim. In support, appellant argues that, pursuant to Civ.R. 13(A), his counterclaim was compulsory and should have been heard at the same time that appellee's complaint was heard.

Ohio courts have recognized the right of an attorney to retain possession of papers and documents coming into his hands during litigation until his fees are paid. This right is in the nature of a lien, the existence and nature of which is best explained in *Foor v. Huntington Natl. Bank* (1986), 27 Ohio App.3d 76, 79, 27 OBR 95, 98, 499 N.E.2d 1297, 1301:

"Although there is little Ohio authority as to the retaining lien of an attorney upon his client's papers, its existence has been recognized. *Newcomb v. Krueger* (1930), 36 Ohio App. 469 [173 N.E. 246]. A retaining lien against a client's papers and property differs from a charging lien upon a monetary judgment obtained by the attorney, which has been judicially recognized. See *Cohen v. Goldberger* (1923), 109 Ohio St. 22 [141 N.E. 656].

"A retaining lien is a common-law lien of an attorney attaching to all property, papers, documents and monies of the client coming into the attorney's hands during the course of his representation of the client and gives the

attorney the right to retain possession of such property, papers, documents and money as security for fees and expenses due the attorney in connection with the professional relationship between the attorney and client. However, a retaining lien is a passive lien and cannot ordinarily be actively enforced. Instead, the lien exists as leverage over the client through the embarrassment or inconvenience caused by the attorney's withholding property and papers of the client which are in his possession. Generally, the lien is discharged only by payment of the fees and expenses, by the attorney's voluntarily relinquishing possession of the property, papers and documents to which the lien has attached, by the attorney's wrongful termination of the attorney-client relationship or by termination thereof by the client for wrongful acts of the attorney. See Annotation (1949), 3 A.L.R.2d 148."

None of those things which would discharge appellee's retaining lien over appellant's documents has been alleged or argued by appellant. Appellee, therefore, under the facts of this case, had a right to retain his former client's documents until his fees were paid.

Appellant's argument that dismissal of his counterclaim was improper pursuant to Civ.R. 13(A)[1] confuses procedure with substance, and misinterprets the use of the word "prematurely" by the trial court in its February 6, 1990 judgment entry in which the court held that appellant's counterclaim " * * * has been filed prematurely." Civ.R. 13(A) is a rule of procedure designed to avoid a multiplicity of suits by requiring in one action the litigation of all claims arising from an occurrence. See *Great Lakes Rubber Corp. v. Herbert Cooper Co.* (C.A.3, 1961), 286 F.2d 631, 633–634. Civ.R. 13(A), therefore, does not give or take away any substantive rights. Whether appellant's counterclaim was compulsory, permissive or otherwise does not determine whether it is sustainable, substantively, as a matter of law. The use of the word "premature" by the trial court was not a finding that the counterclaim did or did not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. Rather, it was a finding that no action for wrongful conversion can lie while fees are owed and appellee rightfully retains appellant's papers; when the fees are paid an

---

1. Civ.R. 13(A) provides:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that it is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment of other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."

action may lie if at that time appellee refuses to return appellant's documents. Since the fees were still owed, the action was premature.

Upon consideration of the foregoing, this court finds that appellant's counterclaim, based on an alleged wrongful or unlawful retention of his documents, does not state a claim for which relief could be granted. Accordingly, appellant's sole assignment of error is not well taken.

Upon consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., and MELVIN L. RESNICK, J., concur.