Plaintiff-appellant, Nikolaos Marinakis, appeals the decision of the Hamilton County Court of Common Pleas to release escrowed rent to one of the defendants-appellees, 225 East Sixth Street, L.L.C. ("225 LLC"). We reverse the decision of the trial court.
Appellant is the owner and operator of the United Restaurant located at 225 E. 6th Street in Cincinnati. Defendant-appellee, The Leslie Company ("Leslie Co.") is appellant's landlord. Defendant-appellee, R.E. Dietz 
Co. ("Dietz") is the leasing agent for Leslie Co. Defendant-appellee, Rowland Dietz ("Rowland"), is employed by and is an agent for Dietz.
Leslie Co., Dietz, and subsequently 225 LLC leased commercial real estate to appellant to operate the United Restaurant. The lease began on July 1, 1982 and terminated on June 30, 1987, with a provision for a five-year renewal at the end of the term. Appellant exercised the renewal. On July 1, 1992, the parties entered into a second lease for an additional five-year period with an option to renew that lease for an additional five-year period. In 1997, appellant advised Rowland in writing that he was exercising his option for an additional five-year period.
On January 31, 1999, 225 LLC purchased the real estate located at 225 E. 6th Street from Leslie Co. Leslie Co., acting through Dietz and its agent Rowland, attempted to evict appellant, arguing that the tenancy became a month-to-month tenancy because appellant failed to properly exercise his option. Leslie Co., Dietz, and Rowland argued appellant failed to properly exercise his option when he did not pay his "tax increase participation." Appellant filed a complaint arguing he had properly executed the five-year option as set forth in his lease.
Leslie Co., Dietz and Rowland filed a counterclaim for forcible entry and detainer and a claim for money damages. During the pendency of the litigation, appellant and 225 LLC executed an escrow agreement for rent. 225 LLC did not file an answer to the complaint or otherwise respond to the complaint.
The jury found appellant had properly exercised his option and that a lease existed through June 30, 2002. Additionally, the jury returned a verdict for appellant in the sum of $40,000 against 225 LLC. The jury in its verdict also found that Leslie Co., Dietz and Rowland should take nothing on their counterclaim. Leslie Co., Dietz, Rowland and 225 LLC filed a motion for new trial and requested a judgment notwithstanding the verdict. These motions were denied.
Appellant asked the trial court for the return of the escrowed rent. 225 LLC also applied to the court to obtain a release of the escrowed rent. On June 2, 2000, the trial court awarded the escrowed rent to 225 LLC. This appeal follows, in which appellant raises a single assignment of error:
 When a defendant fails to pursue its counterclaim and where the jury has not rendered a decision in favor of the defendant upon that counterclaim, as a matter of law, there can be no finding which entitles the defendant to a recovery.
 Appellant argues that the trial court erred when it released the escrowed funds to 225 LLC because 225 LLC failed to meet the burden of proof regarding the claim of rent owed during pendency of the suit. Appellant asserts that because no evidence was offered to support the counterclaim, the question was not placed before the jury and, as a matter of law, the appellees cannot prevail on their counterclaim.
225 LLC argues the rent was placed in escrow only to assure the appellant would be paid if he received a judgment in his favor and 225 LLC failed to pay the judgment. 225 LLC maintains once the judgment and interest were paid to appellant, 225 LLC became entitled to the escrowed rent, not as recovery but as rent due. Therefore, the escrow was not "tied to the success or lack thereof on the counterclaim."
The interpretation of a contract that is clear and unambiguous is a question of law. State ex rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 511. Questions of law are reviewed by this court _denovo. Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 51-52. Additionally, the Supreme Court of Ohio has held that contracts are to be interpreted to carry out the intent of the parties as evidenced by the actual language of the contract. Skivolocki v. East Ohio Gas Co. (1974),38 Ohio St.2d 244, 248.
An escrow is a matter of agreement and intent between the parties.Squire v. Banciforti (1936), 131 Ohio St. 344, syllabus. The depositary under an escrow agreement has a duty to carry out the terms of the agreement as intended by the parties and may not perform any acts with reference to handling the deposit, or its disposal, which are not authorized by the escrow agreement. Pippin v. Kern-Ward Bldg. Co. (1982), 8 Ohio App.3d 196, 198.
The trial court found that the intent of the parties in creating the escrow account was to insure that "the [appellant] was to continue to pay rent due under the lease pending the outcome of the trial between the parties so that if [225 LLC] failed to pay any judgement, the escrow could be used to apply toward any judgment obtained by [appellant] against [225 LLC]." Appellant argues the rent escrow agreement does not show that the escrowed funds were intended to be distributed as rent payments like the trial court asserts. We agree with appellant.
The only language in the rent escrow agreement that arguably articulates the intent of the parties is section four. Section four states in part, "Lessor consents to the payment by Lessee of the rental payments to Escrow Agents as they become due in lieu of payments to it until the entry of a final order in the pending litigation between the parties by a court of final jurisdiction." (Emphasis added.) Appellant maintains this clause in the escrow agreement does not require payment to 225 LLC in the absence of a decision that Leslie Co. is entitled to rent. Appellant further argues that other sections of the rent escrow agreement demonstrate there was no intent to distribute the escrowed funds as rent payments once litigation was final. Section five of the rent escrow agreement states,
 Escrow Agents shall hold the escrow funds until the completion of the pending litigation as aforesaid and such escrow funds shall be distributed by Escrow Agents in accordance with any order in the pending litigation or, in the absence of any order, the escrow funds shall be paid to Lessor upon Lessee's written authorization to release escrow funds to Lessor. (Emphasis added.)
 Therefore, the rent escrow agreement on its face does not require payment to 225 LLC in the absence of a decision that Leslie Co. is entitled to rent.
The rental agreement was assigned to 225 LLC by Leslie Co. when 225 LLC purchased the property. Appellant argues 225 LLC cannot acquire any greater right than that of the assignor. See InterIns. Exchange v. Wagstaff (1945), 144 Ohio St. 457, 460. Leslie Co. alleged in its counterclaim,
 plaintiff owes these defendants as unpaid rent for his occupancy of the leased premises from December 1, 1998 until he leaves the premises, calculated on a per diem basis at a monthly rate of $2,000, together with the sum of $2,872.26 for unpaid real estate taxes and assessments apportioned to him for the period through June 30, 1997 and that additional amount due for real estate taxes and assessments paid thereafter and apportioned in accordance with Paragraph 11 of the July 1, 1992 Lease and, in addition, such additional amounts for which he may be liable for until he leaves the premises.
Leslie Co., in its prayer for relief in the counterclaim, asked for "* * * a money judgment against the plaintiff in that total amount to be proven at trial * * *."
The only testimony regarding rent came from appellant and from Gary J. Davis, ("Davis") an attorney that acted as counsel for Leslie Co. and Dietz. Davis testified that in the lease between appellant and Leslie Co., the rent amount for the lease renewal period "was an un-agreed term." Davis further stated "there was never any agreement per se." When appellant was asked what he considered "the fair market value of the leasehold," appellant answered "zero." Since there was no evidence offered at trial by Leslie Co., Dietz, Rowland or by 225 LLC as to the amount of rent due, appellant argues 225 LLC cannot recover for what was not proven.
The defendant has the burden of proving the damages alleged in a counterclaim. Dan v. Testa Bros., Inc., (1952), 94 Ohio App. 101, 104. Thus, one suing to recover rent has the burden of showing that the rent is due. Cf. Kiralfy v. MacCauley (1887), 9 Ohio Dec.Rep. 833, 837. All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action. RettingEnterprises, Inc. v. Koehler (1994), 68 Ohio St.3d 274, 277. Civ.R. 13(A) is a rule of procedure designed to avoid the multiplicity of suits by requiring in one action the litigation of all claims arising from an occurrence. McCarter v. A1-Marayati (1991), 72 Ohio App.3d 293, 295.
Where, under a plea of counterclaim, defendant fails to produce any evidence in support thereof, a judgment against defendant as to such counterclaim is a final adjudication on the merits. See Dougherty v.Cummings (1895), 6 Ohio C.D. 714. In this case, the record contains no evidence, and no evidence was presented, as to the amount of rent due. Thus, Leslie Co., Dietz, Rowland and 225 LLC have failed to prove that they are entitled to recover any of the rent and that claim must be denied.
Since the rent escrow agreement does not require payment to 225 LLC in the absence of a decision that Leslie Co. is entitled to rent, the rent escrow account must be returned to appellant under the escrow agreement. Moreover, since no evidence was offered as to the amount of rent due, there can be no recovery under the counterclaim. Therefore, the assignment of error is well-taken.
Judgment reversed.
WALSH and POWELL, JJ., concur.