OPINION
{¶ 1} Defendant-appellant, Jonathan Willis, appeals his conviction and sentence in the Butler County Court of Common Pleas for abduction. We affirm Willis' conviction, but remand for resentencing in accordance with this opinion.
 {¶ 2} Appellant was indicted on abduction charges and was tried before a jury on September 5, 2000. At trial, the victim, Melanie Chavis, testified that she was walking home at about 9:30 p.m. on January 9, 2000. At the time, Chavis was 18 years old and a senior in high school. As she walked, a man passed her on the sidewalk, going in the opposite direction. He said something to Chavis, but she kept walking. After walking a little further, Chavis crossed to the sidewalk on the other side of the street. As she walked, she heard the swishing of nylon pants behind her. She glanced back to see who it was, and saw the man who had passed by her. Chavis was scared and began to walk faster. As she crossed an alleyway, she saw the man come running behind some cars toward her and she started screaming. The man came behind her, grabbed her around the waist with one hand, put his other hand over her mouth and dragged her into some bushes. Chavis struggled and tried to kick the man, and when she slipped on some rocks, the man lost his hold on her and was unable to regain it. He then ran down the street and around the corner.
 {¶ 3} A woman in a nearby house heard the screaming and went outside. The woman gave Chavis a towel for her bleeding lip and tried to help her calm down. The woman's husband took Chavis home where she called the police. Chavis was able to give the police a description of the suspect as a tall, black man about six foot one to six foot two inches tall and weighing approximately 170 pounds. She described him as having a thin face and wearing a three-quarter length black jacket, black nylon "windbreaker pants" and black shoes.
 {¶ 4} Police saw appellant, who matched the description, a few days later wearing the exact same clothes as described by Chavis. At the time, he was in close proximity to the area in which the abduction occurred. When shown a photo array, Chavis identified appellant as the man who had abducted her.
 {¶ 5} A jury found appellant guilty of abduction and the trial court sentenced him to five years in prison. Appellant now appeals his conviction and sentence, and raises five assignments of error.
Assignment of Error No. 1
 {¶ 6} "THE FINDING OF GUILT IN THE CASE SUB JUDICE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 7} In his first assignment of error, appellant contends that there was insufficient evidence to support his conviction. The function of an appellate court when reviewing the sufficiency of the evidence underlying a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Upon viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 8} Abduction is prohibited by R.C. 2905.02, which provides:
 {¶ 9} "(A) No person, without privilege to do so, shall knowingly do any of the following:
 {¶ 10} "(1) By force or threat, remove another from the place where the other person is found;
 {¶ 11} "(2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear;
 {¶ 12} "(3) Hold another in a condition of involuntary servitude."
 {¶ 13} Appellant argues that the restraint was not a "total restraint" and was not a substantial interference with the victim's freedom. See State v. Williams (1991), 72 Ohio App.3d 293, 299. Appellant's argument goes primarily to the brevity of the restraint. We have previously held that even a momentary restraint may qualify as an abduction if it produces the required risk of physical harm to or fear in the victim. State v. Swearingen (Aug. 20, 2001), Clinton App. No. CA2001-01-005. Chavis testified that appellant grabbed her and dragged her into some bushes. The victim also testified that she received a "busted lip" and was frightened by the attack and remains frightened today. She was taken against her will and restrained, even if only for a brief period of time. We fail to see how this restraint was not total or a substantial interference. Accordingly, we find sufficient evidence to sustain appellant's conviction. Appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 14} "THE FINDING OF GUILT IN THE CASE SUB JUDICE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} Appellant next argues that his conviction was against the manifest weight of the evidence. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the fact-finder's resolution of any conflicting testimony. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. The standard for reversal of a verdict which is against the manifest weight of the evidence has been summarized as follows:
 {¶ 16} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 {¶ 17} Thompkins at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 18} Appellant argues that the verdict was against the manifest weight of the evidence because the identification of appellant as the perpetrator was flawed. However, as mentioned above, judging the credibility of a witness' testimony is the province of the jury. Chavis testified that although it was "kind of dark," she was able to see the man who grabbed her. As he was following her, she recognized him as the man who had passed her a short time before. She also testified that when she was trying to get away, and the man was trying to keep his hold on her, she turned around to face him. She was sure appellant was the man who grabbed her. Chavis identified appellant's picture from the photo array in a few seconds. In addition, the detective who investigated the crime and showed Chavis the photo array testified that Chavis identified appellant as the perpetrator from the photo array without any hesitation.
 {¶ 19} Although the primary evidence against appellant was the identification by Chavis, the credibility of her testimony was an issue for the jury to decide. If believed, her testimony clearly and unequivocally identified appellant as the man who abducted her. After reviewing the record and considering the evidence, we cannot say that the jury clearly lost its way and that appellant's conviction was a manifest miscarriage of justice. Appellant's second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 20} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY IMPOSING THE MAXIMUM PRISON SENTENCE IN THE CASE SUB JUDICE."
 {¶ 21} In his third assignment of error, appellant argues that the trial court erred by imposing the maximum prison sentence. A trial court may impose the maximum term upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012. In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C. 2929.12(B). The court may also consider any other relevant factors. Id.
 {¶ 22} Specifically, appellant argues that there is no evidence on the record that Chavis suffered "serious emotional harm" as found by the trial court. Appellant also argues that he did not commit the worst form of the offense because there are worse forms of abduction and that the record does not demonstrate that he poses the greatest likelihood of committing future crimes.
 {¶ 23} Contrary to appellant's assertions, we find sufficient evidence to support the trial court's finding that the victim suffered serious emotional harm. During trial, the neighbor who heard Chavis scream testified that the girl was screaming hysterically, was "shaken-up," crying hysterically, shaking uncontrollably and could hardly talk. At the sentencing hearing, the trial court stated that the victim is now afraid to go out by herself, is constantly in fear when she is out on the street and that she suffered a serious amount of emotional injury as a result of the acts of appellant. In her victim impact statement, Chavis reported these statements and also said that she is scared to sleep with the lights off, and is scared walking down the street, even if someone is with her. She reported that she looks over her shoulder constantly as she walks and that in her mind, she still sees appellant's face, sees him running toward her and hears herself screaming.
 {¶ 24} With regard to appellant's argument that he did not commit the worst form of the offense because there are other worse forms of abduction, this court has repeatedly stated that the trial court is not required to compare the defendant's conduct to some hypothetical worst case form of the offense. E.g. State v. Boshko (2000),139 Ohio App.3d 827, 836; State v. Maloney, Butler App. No. CA2001-01-014, 2002-Ohio-618; State v. Bates, Fayette App. No. CA2001-10-018, 2002-Ohio-018, at ¶ 34; State v. Pruhs, Clermont App. No. CA2001-03-037, 2001-Ohio-8661. Instead, the court must consider the totality of the circumstances surrounding the offense. Id. In this case, a young girl was walking alone at night when she heard noise behind her. She was grabbed from behind by a complete stranger who put his hand over her mouth and dragged her away from the street. The trial court stated that the victim suffered severe emotional harm, that appellant had shown no remorse for his actions, and that he refused to cooperate in the presentence investigation. The trial court further found that appellant had previously been in prison, had numerous contacts with the criminal justice system and was on community control when the offense happened. The trial court appropriately considered the relevant factors and did not err in finding that appellant committed the worst form of the offense.
 {¶ 25} Appellant also argues that the record does not demonstrate that he poses the greatest likelihood of committing future crimes. However, the trial court found that appellant had previously been imprisoned, had numerous contacts with the criminal justice system, and was on community control when the offense was committed. The presentence investigation report supports these findings. Appellant was also charged with two other unrelated crimes at the time of his indictment. The trial court did not err in determining that appellant posed a high risk of recidivism. Accordingly, we find no error in the trial court's determination that appellant had committed the worst form of the offense, that he was likely to re-offend, and to sentence appellant to the maximum sentence. Appellant's third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 26} "THE TRIAL COURT ERRED BY IMPOSING FINES[,] COUNSEL COSTS AND/OR FEES PERMITTED PURSUANT TO R.C. 2929.18(A)(4) IN THE CASE SUB JUDICE."
 {¶ 27} In his fourth assignment of error, appellant contends that the trial court erred by imposing fines, counsel costs and fees permitted pursuant to R.C. 2929.18(A)(4). Appellant argues that the trial court failed to consider his ability to pay these costs and fines before imposing them.
 {¶ 28} In its sentencing entry, the trial court ordered appellant "to pay all costs of prosecution, counsel costs and any fees permitted pursuant to Revised Code Section 2929.18(A)(4)." This court has previously held that R.C. 2947.23 does not require a trial court to consider a defendant's ability to pay the costs of prosecution. State v. RiveraCarrillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. Thus, the trial court did not err by ordering appellant to pay the costs of prosecution without considering his ability to pay.
 {¶ 29} However, the state concedes that this case should be remanded to the trial court to consider appellant's ability to pay counsel costs and fees, as required pursuant to R.C. 2929.19(B)(6). See id. Accordingly, on remand,[1] the trial court is instructed to consider appellant's present and future ability to pay counsel costs and other sanctions authorized by R.C. 2929.18(A)(4). Appellant's fourth assignment of error is sustained to the extent indicated.
Assignment of Error No. 5
 {¶ 30} "DEFENDANT-APPELLANT REQUESTS THAT THE COURT OF APPEALS CONDUCT AN IN CAMERA INSPECTION OF THE PRESENTENCE INVESTIGATION REPORT AND PSYCHOLOGICAL EVALUATION/S FOR ERRORS ON APPEAL."
 {¶ 31} In his fifth assignment of error, appellant requests that this court conduct an in camera inspection of the presentence investigation report and psychological evaluations for errors on appeal. Appellate counsel filed a motion to review these documents which was denied by this court on the basis that Ohio law permits a defendant to review a presentence investigation report only prior to sentencing. SeeState v. Fisher, Butler App. No. CA98-09-190, 2002-Ohio-2069, at ¶ 43.
 {¶ 32} This court is already required to review the presentence investigation report and psychological reports when considering whether the trial court erred in its sentencing determination. Id; R.C.2953.08(F)(1)-(3). No further review is required by law. Fisher at ¶ 45. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 33} Judgment affirmed in part and reversed in part, and the cause is remanded to the trial court for resentencing according to law and consistent with this opinion.
POWELL, P.J., and VALEN, J., concur.
[1] We note that appellant's convictions on two unrelated offenses were affirmed by this court with the exception of the order to pay counsel costs and other costs of prosecution. State v. Willis, Butler App. No. CA2001-05-119, 2002-Ohio-4868. All three charges were given the same case number in the trial court. After the case was remanded, the trial court vacated the order to pay attorney's fees "in case # CA01-05-119." At oral argument, counsel for appellant indicated that this order resolved the issue as raised in the fourth assignment of error. However, because the abduction conviction was on appeal at the time of the trial court's decision, the trial court was without jurisdiction to enter orders relative to an issue currently on appeal. Thus, it is still necessary for the trial court to enter an order or hold a hearing on appellant's ability to pay in regards to the abduction conviction.