OPINION
{1} The appellant, Michael Ackerson, appeals the August 21, 2002 judgment of the Court of Common Pleas of Auglaize County, Ohio, asserting as error the denial of his motion to reconsider his motion for leave to amend his answer to include a counterclaim on May 13, 2002.
{2} The facts relevant to this appeal are as follows. On July 6, 2000, a vehicle driven by Ackerson, while working for Traffic Specialists, Inc. ("TSI"), collided with another vehicle driven by the appellee, Randy McNerney, at the intersection of State Routes 197 and 116 in Auglaize County. At the time of the collision, Ackerson's co-workers, Tracie Hodge and Patrick Hissong, were also in the vehicle with Ackerson. As a result of this accident, Ackerson, Hodge, and Hissong were injured.
{3} On November 13, 2000, Hodge and Hissong filed a complaint for negligence against McNerney and his employer, W.A.T.C.H. TV, whose vehicle McNerney was operating at the time of the accident. In addition, Hodge's spouse filed a derivative claim against these same parties for loss of consortium. McNerney and his employer filed their answer to this complaint on December 12, 2000. They also filed a third party complaint against Ackerson on January 19, 2001, which was served on him five days later. Subsequently, they amended their third party complaint on March 1, 2001, naming TSI as an additional third party defendant. Although service of this amended third party complaint was completed on Ackerson on March 9, 2001, service on TSI was not perfected until June 15, 2001. Thereafter, on July 2, 2001, Ackerson and TSI, both represented by attorney Chris Tsitouris, filed their answer to the amended third party complaint. However, this answer did not contain a counterclaim against either McNerney or W.A.T.C.H. TV.
{4} The trial court held a pre-trial conference on September 20, 2001. During this conference, the court established various deadlines for the management of the case. These deadlines were also written and filed by the trial court on October 4, 2001. Specifically, the court granted all parties leave to amend their pleadings. However, the court ordered that any such amendments be filed by October 22, 2001. On October 5, 2001, McNerney and his employer filed both an amended answer to the original complaint and a second amended third party complaint against Ackerson and TSI.
{5} Ackerson and TSI, the third party defendants, filed an answer to the second amended third party complaint on October 17, 2001. However, once again neither filed a counterclaim against McNerney and/or W.A.T.C.H. TV. In addition, Ackerson's deposition was taken on October 17, 2001. During this deposition, Ackerson was represented by his original counsel of record, Chris Tsitouris, as well as by additional counsel, Scott Greiner. On February 20, 2002, Ackerson and TSI filed an amended answer to the second amended third party complaint against them but, likewise, did not include a counterclaim against McNerney and/or W.A.T.C.H. TV. On March 8, 2002, Ackerson filed a motion for leave to file an amended answer to the third party complaint to include a counterclaim against McNerney and W.A.T.C.H. TV. At the time of this filing, the trial in this matter was scheduled for May 20, 2002. On March 11, 2002, the trial court overruled Ackerson's motion for leave to amend, finding that Ackerson failed to establish oversight, inadvertence, or excusable neglect and failed to support his request by showing that justice required such a late filing.
{6} Ackerson then filed a motion for reconsideration as to the court's decision regarding his motion for leave to amend on April 3, 2002. On May 6, 2002, a hearing was held on the motion for reconsideration. The trial court took the matter under advisement and later denied this motion on May 13, 2002. In addition, the trial court bifurcated the proceedings by way of a journal entry on May 10, 2002. In this entry, the court provided a trial date of May 20, 2002, as previously established, for Hodge's and Hissong's claims, as well as the derivative claim, against McNerney and W.A.T.C.H. TV and stated that the claims of McNerney and W.A.T.C.H. TV against Ackerson would be tried at a later date.
{7} The claims of Hodge and Hissong, as well as the derivative claim, were settled with McNerney and W.A.T.C.H. TV on May 14, 2002, and these claims were dismissed with prejudice on July 31, 2002. In addition, the remaining claims of McNerney and W.A.T.C.H. TV against Ackerson and TSI were scheduled for trial on August 12, 2002. However, the parties settled these claims, and on July 19, 2002, the lower court vacated the previously established trial date. On August 21, 2002, the third party litigation was also dismissed with prejudice. This appeal followed, and Ackerson now asserts one assignment of error.
The trial court erred and abused its discretion by denying theAppellant-Third Party Defendant's Motion to Reconsider the Court's Denialof Motion to Amend and Motion for Leave to File Counterclaim for reasonsof "undue delay" and "prejudice" and then continuing the case for JuryTrial over 3 months from the scheduled trial date.
 {8} We begin by noting that the decision of whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. Turner v. Cent. Local School Dist. (1999), 85 Ohio St.3d 95, 99; see, also, Natl. City Bank v. Fleming (1981), 2 Ohio App.3d 50, paragraph two of the syllabus. An abuse of discretion implies that the trial court's attitude is arbitrary, unreasonable or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
{9} The Ohio Rules of Civil Procedure require that a pleading "state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" Civ.R. 13(A). This type of counterclaim is compulsory, and the failure to assert it constitutes a waiver of this potential claim in subsequent litigation. Quintus v. McClure (1987), 41 Ohio App.3d 402,403-404. The purpose of this Rule is to "avoid a multiplicity of suits by requiring in one action the litigation of all claims arising from an occurrence." Newcomer McCarter v. Al-Marayati (1991),72 Ohio App.3d 293, 295. Thus, it is incumbent upon parties to litigation to assert any claims against one another arising out of the same transaction or occurrence in the same suit in order to promote both judicial efficiency and economy.
{10} When a defending party fails to assert a compulsory counterclaim, the Civil Rules permit him/her to set up the counterclaim by amendment if his/her failure occurred "through oversight, inadvertence, or excusable neglect[.]" Civ.R. 13(F). In addition, if "justice requires" he/she may seek leave to amend his pleading to include the counterclaim. Civ.R. 13(F). Amendment is governed by Civ.R. 15(A), see Hoover v. Sumlin
(1984), 12 Ohio St.3d 1, 4, and should be allowed "absent a finding of bad faith, undue delay or undue prejudice to the opposing party." Id. at 6. Under Civ.R. 15(A), leave to amend one's pleadings is to "be freely given when justice so requires."
{11} Here, Ackerson was represented by not one, but two attorneys, neither of whom attempted to amend his answer within the time provided by the trial court's October 4, 2001 orders. Although Ackerson's second attorney, Scott Greiner, did not formally appear before the court until March 8, 2002, the record reflects that he and Ackerson's original counsel, Chris Tsitouris, were both present during Ackerson's deposition on October 17, 2001, five days before the time for amendment expired. During this deposition, the accident, which was the subject of the entire litigation, was discussed at length. In addition, Ackerson's own injuries were also discussed during his deposition. Thus, Greiner was thoroughly aware that his client had a potential cause of action against McNerney and W.A.T.C.H. TV, which he also knew constituted a compulsory counterclaim pursuant to the Rules of Civil Procedure. Moreover, counsel for Ackerson admitted that his potential counterclaim was discussed during a telephonic pre-trial conference on December 3, 2001. Despite this knowledge, Ackerson chose to wait until March 8, 2002, some three months after this conference and nearly five months after the amendment cut-off date and after Greiner was unmistakably made aware of the accident, the resulting litigation, and his client's injuries.
{12} Furthermore, Ackerson was first served with the third party complaint against him on January 24, 2001. However, due to the filing of an amended third party complaint and problems with service upon TSI, Ackerson's first answer was not filed until July 2, 2001. Nevertheless, Ackerson failed to assert a compulsory counterclaim at this time and, likewise, failed to do so when he twice answered the second amended third party complaint filed in October, 2001. Throughout this time, Ackerson was represented by Tsitouris, who was fully cognizant of the court's scheduling deadlines, namely the amendment cut-off date of October 22, 2001.
{13} While Tsitouris maintained before the trial court that he was retained by TSI to represent it and Ackerson solely regarding liability and not for Ackerson's personal injuries, we find this assertion to be meritless. Tsitouris' duty was to both his clients, including, at minimum, notifying Ackerson that he had a potential claim for personal injuries against McNerney and TSI and recommending that he seek outside counsel to pursue this possibility. See, Code of Prof. Resp., Canons 5 and 7. Thus, the trial court did not abuse its discretion in finding that the failure to raise this compulsory counterclaim within the time provided by the Civil Rules and/or the time established by the trial court constituted an undue delay by Ackerson.
{14} Moreover, none of the reasons provided by counsel for Ackerson illustrated oversight, inadvertence, or excusable neglect. To the contrary, they established undue delay as prohibited by Hoover, supra. The stated reasons for not having timely filed the counterclaim were that Ackerson was undergoing various surgeries and under the influence of pain medication during the pendency of this litigation, which prevented him from filing a counterclaim. However, Ackerson also admitted that during this time he got married and fathered a child, which would appear to refute his assertion that his decision-making process regarding whether to file a counterclaim was greatly impeded by his medical treatment. As a result, any prejudice suffered by Ackerson appears to be due to his own negligence and/or by poor decision-making by either or both of his attorneys. And, while Ackerson has now lost any right to recovery that he may have had pursuant to the doctrine of res judicata, his undue delay outweighs this prejudice. Given these facts, this Court cannot find that the trial court's decision to deny leave to amend was unreasonable, arbitrary, or capricious. Accordingly, the assignment of error is overruled.
{15} For these reasons, the judgment of the Common Pleas Court of Auglaize County, Ohio, is affirmed.
Judgment affirmed.
BRYANT, P.J., and CUPP, J., concur.