**GRANT FRITZSCHE ENTERPRISES, INC., Appellant,**

**v.**

**FRITZSCHE, Appellee.**

[Cite as *Grant Fritzsche Ent., Inc. v. Fritzsche* (1995), 107 Ohio App.3d 23.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–04–057.

Decided Oct. 23, 1995.

*Richard L. Hurchanik,* for appellant.

*Holbrock, Jonson, Evans & Olivas* and *Timothy R. Evans,* for appellee.

WILLIAM W. YOUNG, Presiding Judge.

Plaintiff-appellant, Grant Fritzsche Enterprises, Inc., appeals summary judgment in favor of defendant-appellee, Constance Fritzsche. The Butler County Court of Common Pleas concluded that the corporation's complaint against appellee was barred under the doctrine of *res judicata.*

Appellant, an Ohio corporation, filed a complaint alleging conversion and fraud against appellee on July 13, 1994. Grant Fritzsche is the sole shareholder of the corporation. Fritzsche and appellee were divorced in August 1993.

During the course of the divorce proceedings, appellee, then an employee and part-owner of the corporation, admitted taking money from the corporation. Nevertheless, appellee and Fritzsche eventually reached a separation agreement dividing their marital property, including all rights and interest in the corporation. The Butler County Domestic Relations Court adopted the separation agreement and entered a divorce decree on August 31, 1993.

After the divorce became final, Fritzsche claimed that he discovered multiple cases of theft from the corporation. The corporation then brought this complaint against appellee. The trial court granted summary judgment to appellee based on the doctrines of *res judicata* and collateral estoppel.

Appellant complains under its single assignment of error that the trial court erred in granting summary judgment to appellee. We disagree.

 The doctrine of collateral estoppel precludes a party from relitigating issues of fact or law under the following circumstances: when the party against whom estoppel is sought was a party or *in privity* with a party to the prior

action, there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue, the issue was admitted or decided and was necessary to the final judgment, and the issue was identical to the issue involved in the prior suit. *McIntosh v. Roadway Express, Inc.* (1994), 94 Ohio App.3d 195, 199, 640 N.E.2d 570, 572–573. Even where the cause of action is different in a subsequent suit, a judgment in a prior suit may still affect the outcome of the second suit. *Id.*

■ Appellant complains that the trial court erred in concluding that it was collaterally estopped from bringing its complaint because it was not a party to the divorce proceedings between Fritzsche and appellee. However, the doctrine of collateral estoppel does not apply only to parties to the prior proceeding; it also applies to those in *privity* with the litigants in the prior proceeding. *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 367, 544 N.E.2d 878, 880–881. The question of privity centers on whether the new party had adequate representation in the prior action. *Monfort Supply Co. v. Cheviot* (Sept. 27, 1995), Hamilton App. No. C–940898, unreported, at 16–17, 1995 WL 566641 (chairman of board and majority shareholder of corporation found to be in privity with corporation for collateral estoppel purposes). See, also, *Drier v. Tarpon Oil Co.* (C.A.5, 1975), 522 F.2d 199 (president and seventy-eight-percent owner of company was held to be in privity with company and was collaterally estopped from relitigating state court determination in federal court).

■ Under the facts of this case, appellant, owned and controlled by Fritzsche, was in privity with Fritzsche. Fritzsche and appellant share such an identity of interest that the trial court could have concluded that Fritzsche adequately represented the corporation's legal rights during the divorce proceedings. Fritzsche knew that appellee had appropriated funds from the corporation before entering into a settlement with her. Fritzsche had access to all the records necessary to discover the full extent of any alleged missing funds during those proceedings. He had the opportunity to structure the settlement accordingly.

The trial court properly granted summary judgment to appellee based on the doctrine of collateral estoppel. If Fritzsche is concerned that appellee defrauded him or the corporation, he should seek to set aside the divorce decree under Civ.R. 60(B). Appellant's assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and POWELL, JJ., concur.