**KEELEY & ASSOCIATES, INC., Appellant,**

v.

**INTEGRITY SUPPLY, INC. et al., Appellees.**

[Cite as *Keeley & Assoc., Inc. v. Integrity Supply, Inc.* (1997), 120 Ohio App.3d 1.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE08–1007.

Decided May 29, 1997.

2

*Law Offices of Russell A. Kelm* and *Russell A. Kelm*, for appellant.

*Emens, Kegler, Brown, Hill & Ritter* and *Michael J. Galeano*, for appellees.

PETREE, Judge.

Plaintiff, Keeley & Associates, Inc., appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant, Integrity Supply, Inc. Plaintiff sets forth the following assignments of error:

"I. The trial court erred in granting summary judgment in reliance upon the doctrine of *res judicata* because the cause of action contained in the complaint is

dissimilar from the issues presented and decided in *Integrity Supply, Inc. v. C. Robert Keeley.*

"II.   The trial court erred in granting summary judgment in reliance upon the doctrine of *res judicata* because the parties in this action were dissimilar from the parties involved in *Integrity Supply, Inc. v. C. Robert Keeley.*

"III.   The trial court erred in granting summary judgment in this action in reliance upon the doctrine of *res judicata* because the jury verdict in *Integrity Supply, Inc. v. C. Robert Keeley* did not adjudicate the merits of Keeley and Associates, Inc.'s claims against Integrity for amounts owed for services rendered by the corporation."

On June 10, 1992, Integrity Supply, Inc. ("Integrity") filed an action against C. Robert Keeley in the Franklin County Court of Common Pleas ("1992 action"). Therein, Integrity sought money damages from Mr. Keeley for an alleged breach of a communications consulting agreement.  Although plaintiff, Keeley & Associates, Inc., was a party to the contract at issue, the corporation was not named as a party in the 1992 action.

During the pendency of the 1992 action, plaintiff filed a separate action against Integrity ("1993 action").   Therein, plaintiff brought a claim against Integrity for the reasonable value of services rendered to Integrity under the consulting agreement.  This action was eventually dismissed by plaintiff voluntarily, pursuant to Civ.R. 41(A).   At that time, the 1992 action was still pending.   Thereafter, on November 22, 1993, the 1992 action was tried to a jury.   The jury returned a verdict in favor of Mr. Keeley.

On June 9, 1995, plaintiff brought the instant action against Integrity, being case No. 95CVH06–3965 on the docket of the Franklin County Court of Common Pleas.   In this case, plaintiff seeks the same relief requested in the 1993 action: the reasonable value of services rendered to Integrity arising from the communications consulting agreement.

Integrity moved for summary judgment in the trial court, arguing that plaintiff's action was barred by *res judicata* and collateral estoppel.   On June 7, 1996, the trial court issued a decision granting the motion for summary judgment. A judgment entry dismissing plaintiff's cause of action was journalized by the trial court on June 10, 1996.   Plaintiff appeals to this court from the judgment of the Franklin County Court of Common Pleas.

In each of plaintiff's assignments of error, plaintiff argues that the trial court erred when it determined that its cause of action was barred by the doctrine of *res judicata.*   Accordingly, we will consider those assignments of error jointly.

4

*Res judicata* involves both claim preclusion and issue preclusion or collateral estoppel. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226, 228. Under the doctrine of *res judicata*, a valid final judgment rendered upon the merits bars all subsequent actions by the parties or their privies which are based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.* The doctrine applies not only to those who were parties in the prior action and those who were in privity with litigants, but also to those who could have joined the action and did not. See *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 367, 544 N.E.2d 878, 880–881.

The crux of plaintiff's argument on appeal is that there is a lack of the necessary identity of parties between the 1992 action and the current litigation. Although Mr. Keeley was the lone defendant in the prior action, the trial court determined that Mr. Keeley and plaintiff shared a common identity for purposes of this case and the 1992 action. The trial court relied on the fact that Mr. Keeley was plaintiff's sole shareholder and sole corporate officer in making this determination.

Support for the trial court's ruling can be found in a case decided by the Butler County Court of Appeals. In *Grant Fritzsche Ent., Inc. v. Fritzsche* (1995), 107 Ohio App.3d 23, 667 N.E.2d 1004, a corporation, in which a divorced husband was the sole shareholder, sued his former wife for damages allegedly arising from acts of conversion and fraud she committed as an employee and part owner of the corporation. The common pleas court entered summary judgment in favor of the wife, relying on the doctrine of *res judicata.* In affirming the trial court, the court of appeals reasoned that the divorced husband, as the person who had exclusive control and ownership of the corporation, shared such an identity of interest with the corporation that the trial court was justified in concluding that the husband adequately represented the corporation's legal rights during the prior divorce proceeding. *Id.* at 25, 667 N.E.2d at 1005–1006. The court noted that the husband knew that his wife had misappropriated funds from the corporation before entering into the settlement with her and could have shaped the settlement accordingly. *Id.* at 25, 667 N.E.2d at 1005–1006.

In this case, as in *Fritzsche, supra,* Mr. Keeley effectively controlled plaintiff as its sole shareholder and director. Mr. Keeley was also plaintiff's promoter, incorporator and sole employee. Mr. Keeley necessarily had knowledge of plaintiff's claim against Integrity during the pendency of the 1992 action. Under these circumstances, the trial court was justified in concluding that Mr. Keeley and plaintiff shared the same identity for purposes of asserting a claim against Integrity for the reasonable value of services rendered to Integrity. *Id.*

Nevertheless, plaintiff argues that the court, by applying the doctrine of *res judicata* in this case, ignored Integrity's corporate identity without the required proof of fraud or illegality. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 289, 617 N.E.2d 1075, 1086–1087. However, an affidavit filed by Mr. Keeley in the 1992 action and the corporate minutes attached as an exhibit thereto clearly evidence the fact that Mr. Keeley and plaintiff were one and the same.

Mr. Keeley's affidavit reads:

"(2) That with respect to all alleged undertakings, conduct, and activity of any kind, including, but not limited to acting as a telecommunications consultant, Affiant was acting as promoter and on behalf of Keeley & Associates, Inc., an Ohio corporation;

"(3) Affiant further states that at all times and places of such conduct and activity involving Plaintiff corporation and himself, Plaintiff corporation and he transacted all business as being between Plaintiff corporation and Keeley & Associates, Inc., exclusively; that Plaintiff corporation understood by said conduct and activity, and by specific representations that Keeley & Associates, Inc. was the sole and only responsible party relative to any transactions and undertakings which Affiant, as promoter of Keeley & Associates, Inc., entered into with Plaintiff corporation;

"* * *

"(6) That pursuant to the Minutes of the Shareholder's First Meeting, all business conducted by C. Robert Keeley as incorporater and promoter in the name of said corporation in furtherance of corporate business were affirmed as the acts of the corporation."

The corporate minutes referred to in the affidavit state:

"It was moved by the Chairman and seconded by the Secretary that such business, as was undertaken by this corporation as of the date of incorporation, which was the 26th day of May, 1992, any business conducted by the incorporator in the name of the corporation prior to the date of incorporation, all of which are in furtherance of said business, are hereby affirmed as the acts of this corporation. All of the foregoing having been moved by the Chairman and seconded by the Secretary, the resolution was unanimously carried.

"The Secretary then moved that the corporation hereby ratify and adopt any and all acts, contracts, or agreements done or entered into by the promoters or incorporators of this corporation and that this corporation reimburse such out of pocket expenses as were reasonably incurred by said promoters and incorporators in the formation of this corporation. The motion was seconded and unanimously carried."

In combination, these documents establish that plaintiff and Mr. Keeley shared a common identity for purposes of the transaction underlying this litigation.

Plaintiff next argues that the trial court erred in applying the doctrine of *res judicata* because its claim for the reasonable value of services was never actually litigated in the 1992 action. However, the Ohio Supreme Court has stated that the doctrine of *res judicata* bars not only those claims which were actually litigated in the prior action, but those which could or should have been litigated. *Grava, supra.*

Civ.R. 13(A) provides:

"Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."

Civ.R. 13(A), like the doctrine of *res judicata*, is a rule of procedure designed to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence, no matter which party initiates the action. *Rettig Ent., Inc. v. Koehler* (1994), 68 Ohio St.3d 274, 626 N.E.2d 99; *Newcomer & McCarter v. Al–Marayati* (1991), 72 Ohio App.3d 293, 594 N.E.2d 657. Failure to assert a compulsory counterclaim acts as a bar to litigation of the counterclaim in a separate lawsuit. See *Osborn Co. v. Ohio Dept. of Adm. Serv.* (1992), 80 Ohio App.3d 205, 608 N.E.2d 1149.

The Supreme Court has employed the "logical relation" test to determine whether claims between opposing parties arise out of the same transaction or occurrence. *Rettig, supra.* In this case, there is no doubt that plaintiff's claim for the reasonable value of services it rendered to Integrity is logically related to Integrity's breach-of-contract claim asserted in the 1992 action. Both claims arise out of the same communications consulting agreement. Applying Civ.R. 13(A), we find that plaintiff's claim for the reasonable value of services rendered to Integrity was a compulsory counterclaim in the 1992 action under the circumstances in this case.

Plaintiff argues, alternatively, that it did not have a legal right to assert a compulsory counterclaim in the 1992 action since it was never made a party in that case. However, as stated above, based on the facts of this case, the trial

court was justified in concluding that Mr. Keeley and plaintiff shared a common identity for purposes of actions or claims arising out of the communications consulting contract. Indeed, the trial court found that Mr. Keeley was the real party in interest in the 1992 action. Given this determination, there is little doubt that the trial court would have permitted Mr. Keeley to assert the claim on behalf of plaintiff or permitted plaintiff to join the 1992 action for the purposes of asserting that claim. At a minimum, Mr. Keeley had an obligation to move the court in the 1992 action, to allow him to bring a claim on behalf of the corporation or to permit plaintiff's joinder in the 1992 action for the purpose of asserting the claim. Under the circumstances, simply setting forth a defense of failure to join a necessary party, as was done by Mr. Keeley in the 1992 action is not sufficient to alert the court to the existence of a compulsory counterclaim. In short, we find that the failure to assert the claim in the 1992 action bars plaintiff from pursuing that claim in this action.

This opinion should not be understood to expand the doctrine of *res judicata* in all cases involving closely held corporations. Rather, our conclusion is based on the facts in this particular case. For the foregoing reasons, plaintiff's assignments of error are overruled.

Having overruled each of plaintiff's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOWMAN, J., concurs.

LAZARUS, J., dissents.

LAZARUS, Judge, dissenting.

Being unable to agree with the majority, I respectfully dissent. The rule of claim preclusion embodied in Civ.R. 13(A) should not be applied against plaintiff Keeley & Associates, Inc., because the corporation was not a party to the earlier action.

Civ.R.13(A), regarding compulsory counterclaims, provides:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading *the pleader* has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. * * * " (Emphasis added.)

Integrity's 1992 action named only Mr. Keeley as a defendant. The root problem in this appeal is that the parties dispute whether Mr. Keeley, Keeley &

Associates, Inc., or both are bound by and entitled to the benefits of the contract with Integrity. This is a question of corporation law and contract law, and based on the record before us, we cannot tell whether that issue was necessarily determined by the first action.[1] In this action, Integrity, as the defendant, has the burden of proving the defenses of claim preclusion or issue preclusion. Integrity has neither presented evidence that the issue was raised in the first action nor raised the issue in this action. Therefore, the corporation must be given the opportunity to have the trial court determine whether it is entitled to the benefits of the contract with Integrity. If so, the corporation is entitled to assert its claim, because it is a claim independent of any that Mr. Keeley might have had. If not, Integrity will be entitled to judgment, but only as a matter of substantive law, not as a matter of Civ.R. 13(A) claim preclusion.

In ruling that the claim of Keeley & Associates, Inc., is barred by the rule of claim preclusion embodied in Civ.R. 13(A), the majority interprets Civ.R. 13(A) to say: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader *or parties in privity with the pleader* have against any opposing party." Such an interpretation, in this case at least, essentially creates a procedural rule of "compulsory intervention" not contemplated by, and perhaps in contravention of, the Rules of Civil Procedure.

The common-law rule of claim preclusion applies to parties and their privies: A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction bars all subsequent actions by the parties or those in privity with them based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus; *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph one of the syllabus, modified by *Grava.* Under Civ.R. 13(A), a party's failure to assert a compulsory counterclaim gives rise to a defense of claim preclusion in a subsequent action. See *Rettig Ent., Inc. v. Koehler* (1994), 68 Ohio St.3d 274, 626 N.E.2d 99. I believe Civ.R. 13(A) incorporates this common-law rule of claim preclusion only to the extent the common-law rule is consistent with the plain language of the Civil Rule. This distinction may explain why defendant's briefs in both the trial court and this court fail to cite Civ.R. 13(A). Because Civ.R.

---

1. In the first action, Mr. Keeley moved for summary judgment on the ground that Keeley & Associates, Inc., and not he, was the proper party. The record before us does not contain a copy of any ruling on the motion by the trial court. The action proceeded to trial, where a jury found in favor of Mr. Keeley. The parties' appellate briefs inform us that neither Mr. Keeley nor Integrity sought to have Keeley & Associates, Inc., joined as a defendant.

    Contrary to the majority's assertions, the record contains no evidence that the trial court concluded that Mr. Keeley and the corporation "shared a common identity" or that Mr. Keeley "was the real party in interest."

13(A) creates a bar only to parties, not those in privity with them, plaintiff should not be barred from bringing its claim.

According to defendant and the majority, Keeley & Associates, Inc., was required to intervene as a defendant in the 1992 action for the sole purpose of asserting a claim against the plaintiff Integrity. The majority refers to this claim as a "compulsory counterclaim," but I question whether it should be termed a counterclaim at all given that Integrity did not sue Keeley & Associates, Inc. I do not doubt the majority's suggestion that the trial court probably would have granted a motion to consolidate this action with Integrity's action. But no rule of law required Keeley & Associates, Inc., to file suit or risk losing its claim.

The effect of the majority's expansion of the rule of claim preclusion embodied in Civ.R. 13(A) to bind nonparties essentially creates a procedural rule of "compulsory intervention." Such a rule is not contemplated by the Ohio Rules of Civil Procedure and contravenes Civ.R. 13 and possibly Civ.R. 24.

"[I]t appears that the traditional view is that a defendant may counterclaim only in the capacity in which he has been sued." *Banco Nacional de Cuba v. Chase Manhattan Bank* (C.A.2, 1981), 658 F.2d 875, 886 (holding that bank could not bring counterclaim in its capacity as trustee). Following this rule, the court in *Durham v. Bunn* (E.D.Pa.1949), 85 F.Supp. 530, dismissed a counterclaim pled by a city tax official on behalf of the city on the ground that the official had been named as a defendant only individually. In *United States v. All Right, Title & Interest in Real Property & Appurtenances Thereto Known as 35 Fulling Avenue, Tuckahoe, N.Y.* (S.D.N.Y.1991), 772 F.Supp. 1433, 1438, the court noted in dicta that the defendant-*in-rem* corporation could not bring a counterclaim belonging to its president for recovery of confiscated cash and goods.

Obviously, if such a claim cannot be brought as a permissive counterclaim, it is not a compulsory counterclaim, and the doctrine of claim preclusion is inapplicable. In *Zion v. Sentry Safety Control Corp.* (C.A.3, 1958), 258 F.2d 31, 33, the court held that because a law partnership's claim was not a claim held by the individual partner, the partnership's claim against a client had not been a compulsory counterclaim to the client's earlier action against the lone partner. Similarly, Keeley & Associates, Inc., is a separate legal entity, and the claims of the corporation are not necessarily the claims of Mr. Keeley individually.

The majority's expansive view of Civ.R. 13(A) is also contrary to the spirit, if not the letter, of Civ.R. 24. Intervention is of two types: intervention of right under Civ.R. 24(A) and permissive intervention under Civ.R. 24(B). Civ.R. 24(A) provides for intervention of right in two instances. The first instance is when a state statute confers an unconditional right to intervene. No such statute has been implicated in this case. The second instance is when the applicant claims an

interest in the subject of the action, but only if the applicant's interest is not adequately represented by existing parties. Civ.R. 24(A) provides:

"Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties.*" (Emphasis added.)

Perhaps the majority's legal conclusion that Keeley & Associates, Inc., was in privity with Mr. Keeley is based in part on its determination that the corporation's interest in its relationship with Integrity was adequately represented by Mr. Keeley in the first action. If so, by expanding the rule of claim preclusion embodied in Civ.R. 13(A) to bind nonparties, the majority has created a dilemma: the corporation had no right to intervene in the first action, yet the majority finds that it is bound by the doctrine of claim preclusion because it did not intervene. It is true that the corporation could have applied for intervention at the discretion of the court pursuant to Civ.R. 24(B).[2] However, it would seem that the one instance in which intervention would be most necessary would be that in which a party would be bound by the doctrine of claim preclusion. Because the Civil Rules do not provide for intervention of right under the circumstances of this case, I conclude that they do not contemplate the "compulsory intervention" rule the trial court applied to bar the corporation's claim.

For these reasons, I respectfully dissent.

---

2. Civ.R. 24(B) provides:

"Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common * * *."