FORNEY, Appellant,

v.

CLIMBING HIGHER ENTERPRISES, INC. et al., Appellees.

[Cite as *Forney v. Climbing Higher Enterprises,
Inc.*, 158 Ohio App.3d 338, 2004-Ohio-4444.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21869.

Decided Aug. 25, 2004.

Edmund M. Sawan, for appellant.

Ann Marie O'Brien, for appellees.

WHITMORE, Judge.

{¶ 1} Plaintiff-appellant, Alisa H. Forney, has appealed from a decision of the Summit County Court of Common Pleas that granted a motion for summary judgment filed by defendants-appellees Climbing Higher Enterprises, Inc., John and Gloria Eden, J & G Eden, L.L.C., and the "2069 Property Trust dated 5/21/98." This court affirms.

I

{¶ 2} On November 20, 2002, appellant, Alisa H. Forney, filed suit against appellees, Climbing Higher Enterprises, Inc., John and Gloria Eden, J & G Eden, L.L.C., and "The 2069 Property Trust Dated 5/21/98," for breach of contract, negligence, fraud, and violations of the Consumer Sales Practices Act. In the complaint, appellant explained that a similar complaint had been previously filed against appellees, but that the complaint was voluntarily dismissed, without prejudice, on November 26, 2001. Appellant also alleged the following facts in her complaint. On December 2, 1998 appellant entered into a land sales contract with appellees to purchase a parcel of real property located on 2069 Thurmont Road, Akron, Ohio, in exchange for a purchase price of $93,000. The terms of the land sales contract required appellees to perform certain acts and obtain insurance coverage on the Thurmont property; the insurance would be made available to appellant as vendee of the property and not as a tenant or lessee. Appellant

alleged that appellees failed to perform under the terms of the land sales contract and that as a direct and proximate result of appellees' breach of contract, appellant was injured in an amount in excess of $100,000 when the Thurmont property was flooded on November 2, 1999. Appellant further alleged that appellees knew, or should have known, that the Thurmont property had a propensity to flood, and that appellees failed to disclose this knowledge to appellant. Appellant also claimed that appellees made various material misrepresentations and committed unfair, deceptive, and unconscionable acts in connection with the land sales contract.

{¶ 3} Appellees filed an answer to appellant's complaint. Appellees pleaded res judicata and collateral estoppel as an affirmative defense. On March 28, 2003, appellees also filed a motion for summary judgment. In the motion, appellees claimed that appellant's claims were barred by the doctrine of res judicata. Appellees argued that appellant's claims were compulsory counterclaims that should have been brought when Climbing Higher Enterprises, Inc. filed a separate action for forcible entry and detainer in the Akron Municipal Court on February 9, 2000.[1]

{¶ 4} On May 27, 2003, appellant filed a response to appellees' motion. In her response, appellant contended that her claims were not barred by the doctrine of res judicata. Appellant argued that "[a]lthough [appellant] accepts [appellees'] assertions relative to the 'logical relation' test proffered by the Ohio Supreme Court in the case of *Rettig Enterprises v. Koehler* (1994), 68 Ohio St.3d 274, 626 N.E.2d 99, [appellant] disagrees with the 'ripeness' of [appellant's] claims as well as whether they arise out of the same 'transaction' involving the same parties in either litigation." Appellees filed a reply to appellant's response. On November 21, 2003, the trial court granted appellees' motion for summary judgment on the ground that appellant's claims were barred by the doctrine of res judicata. The trial court found that "[a]ll of [appellant's] claims, including those sounding in tort, arose from the landlord-tenant relationship because they concerned the property at issue and damages suffered by the flooding of the property or actions taken by the landlord to oust the tenant from the property." The trial court concluded that appellant's "claims fall within the compulsory counterclaim mandate of Civ.R. 13(A)." The trial court further concluded that "[a]ll of [appellant's]

---

1. The only plaintiff in the action for forcible entry and detainer was Climbing Higher Enterprises, Inc., one of the four parties named as defendants in the instant matter. In its complaint, Climbing Higher alleged a cause of action for eviction and a second cause of action for money due. The magistrate allowed the writ for eviction and two years later entered default judgment in favor of Climbing Higher on its claim for money due. Appellant filed a motion to vacate pursuant to Civ.R. 60(B). The motion was denied and appellant appealed the matter to this court. See *Climbing Higher Enterprises, Inc. v. Forney*, 9th Dist. No. 21142, 2002-Ohio-6295, 2002 WL 31557618. This court affirmed the trial court's decision.

allegations should have been asserted as compulsory counterclaims in the forcible entry and detainer action."

{¶ 5} Appellant has timely appealed, asserting one assignment of error.

## II

## Assignment of Error

The trial court erred in granting summary judgment against appellant and in favor of [appellees] where genuine issues of material fact existed.

{¶ 6} In appellant's sole assignment of error, she argues that the trial court erred when it granted appellees' motion for summary judgment. This court disagrees.

{¶ 7} The appropriate appellate standard of review for an award of summary judgment is de novo. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243, citing *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. Thus, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. Civ.R. 56(C); *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378, quoting *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 433 N.E.2d 615.

{¶ 8} According to Civ.R. 56(C), summary judgment is proper if (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewed most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. See *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

{¶ 9} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639.

{¶ 10} In the instant matter, appellant contends, as she did in her response to appellees' motion for summary judgment, that her claims are not barred by the doctrine of res judicata because (1) her claims were not ripe for adjudication when appellees filed a cause of action for forcible entry and detainer and (2) her claims did not arise out of the same transaction and the parties to the refiled complaint were different than the parties named in her initial complaint. Appellant has further argued that equity and judicial economy dictate that the parties continue to negotiate the resolution of their differences. We will address each of appellant's arguments in turn.

{¶ 11} Civ.R. 13(A) governs compulsory counterclaims. That rule provides:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

{¶ 12} The purpose of Civ.R. 13, much like the doctrine of res judicata, is to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence, no matter which party initiates the action. *Carter v. Russo Realtors* (Mar. 7, 2000), 10th Dist. No. 99AP–585, 2000 WL 249137, citing *Rettig*, 68 Ohio St.3d at 278, 626 N.E.2d 99. Thus, if a party fails to assert a compulsory counterclaim, she is barred from litigating the counterclaim in a separate action. *Rettig*, 68 Ohio St.3d at 277, 626 N.E.2d 99. Further, despite the fact that Civ.R. 1(C) states that the Civil Rules of Procedure, "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in forcible entry and detainer," the Ohio Supreme Court has held that Civ.R. 13 applies to such actions. *Jemo Assoc. v. Garman* (1982), 70 Ohio St.2d 267, 24 O.O.3d 358, 436 N.E.2d 1353, paragraph one of the syllabus; see, also, *Maduka v. Parries* (1984), 14 Ohio App.3d 191, 192, 14 OBR 209, 470 N.E.2d 464. The court in *Jemo* explained:

We do not consider [Civ.R. 13] by its nature "clearly inapplicable" to procedure in forcible entry and detainer. Nor does R.C. 1923.061(B) by its language bar counterclaims in situations other than actions for rent or based upon nonpayment of rent. Rather, that section merely serves to establish by order of the court "from time to time," a means of payment into the court of all rent, past due and accruing during the pendency of the action, from which any eventual net judgment may be satisfied. The legislative intent underlying R.C. 1923.061 was not to bar counterclaims in actions outside the scope of that section, but to preserve the tenant's right to possession and guarantee the existence of a fund to settle the various claims.

Finally, R.C. 1923.081, enacted in the same bill with R.C. 1923.061, appears to contemplate the possibility of counterclaims in any action in forcible entry and detainer for residential premises. It permits joinder of causes of action for possession, past rent due, damages, and counterclaims raised by defendant, in one trial.

(Footnote omitted.) *Jemo*, 70 Ohio St.2d at 270, 24 O.O.3d 358, 436 N.E.2d 1353.

{¶ 13} Pursuant to *Jemo*, a counterclaim *may* be asserted in an action for forcible entry and detainer. However, the *Jemo* court did not specifically state that such claims *must* be asserted when an action for forcible entry and detainer is brought against a defendant. This issue has been sufficiently resolved by the court in *Haney v. Roberts* (1998), 130 Ohio App.3d 293, 720 N.E.2d 101. The Fourth District Court of Appeals in *Haney* held that Civ.R. 13(A) did not apply to forcible entry and detainer actions unless the plaintiff joins another action, such as one for back rent. *Haney*, 130 Ohio App.3d at 300, 720 N.E.2d 101; see, also, *Carter*, 2000 WL 249137 at * 2, 2000 Ohio App. LEXIS 823, at * 6. The logic expressed in *Haney* is based on the nature of actions for forcible entry and detainer. Quoting White, Ohio Landlord Tenant Law (1997 Ed.) 288–289, Section 13.2, the court in *Haney* explained that such an action is a

statutory remedy which provides a summary method for a landlord to obtain restitution of the leased premises. A summary proceeding is one where the trial is conducted promptly and simply, without the aid of a jury and without strict observance of all the rules which normally govern civil proceedings.

*Haney*, 130 Ohio App.3d at 295, 720 N.E.2d 101, fn. 1.

{¶ 14} The court further explained that the "application of Civ.R. 13(A) to forcible entry and detainer actions would severely impede the summary nature of such actions." Id. at 298, 720 N.E.2d 101. The *Haney* court then concluded:

[I]f a landlord files an action for forcible entry and detainer and does not join that action with any other action, the tenant need not file any counterclaims. Civ.R. 13(A) does not apply in forcible entry and detainer actions to require tenants to assert compulsory counterclaims. Pursuant to R.C. 1923.081, the tenant may assert claims against the landlord in a later action. If, however, the landlord joins another action with the forcible entry and detainer action, Civ.R. 13(A) does apply to that other action and, consequently, the tenant must assert compulsory counterclaims.

*Haney*, 130 Ohio App.3d at 300, 720 N.E.2d 101.

{¶ 15} Based on the law expressed in *Jemo* and *Haney*, appellant was required to bring any compulsory counterclaims against appellees when Climbing Higher filed an action for forcible entry and detainer in the Akron Municipal Court. In accordance with *Jemo*, the filing of existing compulsory counterclaims

was mandatory because Climbing Higher's action for forcible entry and detainer was coupled with a claim for money damages. See *Jemo*, 70 Ohio St.2d 267, 24 O.O.3d 358, 436 N.E.2d 1353, paragraph one of the syllabus; *Haney*, 130 Ohio App.3d at 300, 720 N.E.2d 101; *Carter*. Although this court concludes that Climbing Higher's action for forcible entry and detainer is subject to the requirements of Civ.R. 13(A), we must next determine whether appellant's claims were compulsory counterclaims.

{¶ 16} The test to determine whether appellant's claims qualify as compulsory counterclaims is set forth in *Rettig*. The *Rettig* test requires a showing that (1) the claim existed at the time of the first pleading and (2) the claim " 'ar[o]se out of the transaction or occurrence that is the subject matter of the opposing claim.' " *Rettig*, 68 Ohio St.3d at 277, 626 N.E.2d 99, quoting *Geauga Truck & Implement Co. v. Juskiewicz* (1984), 9 Ohio St.3d 12, 14, 9 OBR 61, 457 N.E.2d 827. The second prong of the *Rettig* test, whether the claim arises out of the original transaction, involves the "logical relation" test or a showing that the claim "is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Rettig*, 68 Ohio St.3d 274, 626 N.E.2d 99, at paragraph two of the syllabus. The *Rettig* court further explained that "multiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.' " Id. at 279, 626 N.E.2d 99, quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.* (C.A.3, 1961), 286 F.2d 631, 634.

{¶ 17} In her refiled complaint, appellant brought causes of action for breach of contract, negligence, fraud, and violations of the Consumer Sales Practices Act. Appellant argues, however, that her claims were not ripe when Climbing Higher brought suit against her in the lower court. She claims that she was not certain that appellees had breached the terms of the land sales contract until after the action was initiated, because the issue of whether the Thurmont property was properly insured was still under negotiation until October 4, 2000. We find little merit in appellant's argument.

{¶ 18} When applying the first prong of the *Rettig* test to these claims, we find that appellant's claims existed at the time Climbing Higher filed an action for forcible entry and detainer in the Akron Municipal Court. All of appellant's claims arose before the action for forcible entry and detainer was initiated on February 4, 2000. Prior to February 2000, the Thurmont property had already flooded and appellant had not been compensated by appellees' insurer. Although appellant claims that she was negotiating with appellees when Climbing Higher filed suit in the Akron Municipal Court, she was put on notice that the negotiation

had ended by the filing of the lawsuit. Appellant's complaint further reveals that her claims regarding appellees' alleged material misrepresentations and violations of the Consumer Sales Practices Act occurred when the parties entered into the land sales contract in December 1998, and soon after the Thurmont property flooded in November 1999. Accordingly, we find that appellant's claims for breach of contract, negligence, fraud, and violations of the Consumer Sales Practices Act existed at the time Climbing Higher initiated an action for forcible entry and detainer in February 2000.

{¶ 19} This court also finds that appellant's claims arise out of the original transaction, specifically the land sales contract and the subject matter of that contract, namely the Thurmont property. The basis for each cause of action set forth by appellant was the landlord-tenant relationship that existed between the parties and the Thurmont property. In her complaint, appellant contended that appellees breached the terms of the land sales contract because they failed to provide insurance coverage pursuant to the contract. She also contended that appellees were negligent when they failed to inform her that the Thurmont property had a propensity for flooding and, as a direct and proximate result of appellees' failure to disclose this information, she suffered significant damages when the Thurmont property flooded on November 2, 1999. As to her claims for fraud and violations of the Consumer Sales Practices Act, appellant contended that appellees made material misrepresentations and committed unfair, deceptive, and unconscionable acts when they entered into the land sales contract with her for the sale of the Thurmont property. As each of appellant's claims is "logically related to the opposing party's claim," we must necessarily conclude that her claims bear a logical relationship to appellees' action for forcible entry and detainer, which involves the removal of appellant from the Thurmont property. *Rettig*, 68 Ohio St.3d 274, 626 N.E.2d 99, at paragraph two of the syllabus.

{¶ 20} As appellant's claims satisfy the *Rettig* two-part test, we find that her claims were compulsory counterclaims and that she should have presented these claims when Climbing Higher initiated the forcible entry and detainer action. As appellant failed to present these claims when the action for forcible entry and detainer was pending before the Akron Municipal Court, we find that appellant is barred by the doctrine of res judicata from bringing these claims against appellees in the Summit County Court of Common Pleas. See *DeNigris v. Walker* (May 24, 2000), 9th Dist. No. 2971–M, at 7, 2000 WL 670666; see, also, *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 402–403, 536 N.E.2d 22 (holding that failure to assert a compulsory counterclaim pursuant to Civ.R. 13 constitutes res judicata).

{¶ 21} Further, we reject appellant's argument that she is not barred from suing the present defendants, John and Gloria Eden, J & G Eden, L.L.C.,

and the "2069 Property Trust dated 5/21/98," because the action for forcible entry and detainer initiated in the Akron Municipal Court only involved Climbing Higher. We find that appellees are in privity with one another and that this relationship precludes appellant from filing similar actions against John and Gloria Eden individually or as partners in J & G Eden, L.L.C., and against the subject matter of the trust, the "2069 Property Trust dated 5/21/98." The Ohio Supreme Court has explained:

What constitutes privity in the context of *res judicata* is somewhat amorphous. A contractual or beneficiary relationship is not required:

"In certain situations * * * a broader definition of 'privity' is warranted. As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata.*' *Bruszewski v. United States* (C.A.3, 1950), 181 F.2d 419, 423 (Goodrich, J., concurring)." * * *

We find that a mutuality of interest, including an identity of desired result, creates privity [among parties of separate lawsuits].

*Brown v. Dayton* (2000), 89 Ohio St.3d 245, 248, 730 N.E.2d 958, quoting *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 184, 637 N.E.2d 917; see, also, *Waddell v. Boldman,* 4th Dist. No. 01CA721, 2002-Ohio-4229, 2002 WL 1897320, at ¶ 22.

{¶ 22} According to *Brown,* "a mutuality of interest, including an identity of desired result," may create privity. *Brown,* 89 Ohio St.3d at 248, 730 N.E.2d 958. Here, Climbing Higher is in privity with John and Gloria Eden and the "2069 Property Trust dated 5/21/98." The property referred to as "2069 Property Trust dated 5/21/98" was transferred to a trust and Climbing Higher was named as the trustee of the trust. John and Gloria Eden were the beneficiaries of the trust. The signatories to the land sales contract are appellant and John Eden, in his capacity as president of Climbing Higher. As the trustee for the trust property held on behalf John and Gloria Eden, Climbing Higher was acting on behalf of John and Gloria Eden and the "2069 Property Trust dated 5/21/98" when it entered into the land sales contract with appellant. Further, appellant knew, or should have known, when she entered into the land sales contract with Climbing Higher that the corporation was acting on behalf of, or in concert with, John and Gloria Eden and the "2069 Property Trust dated 5/21/98."

{¶ 23} With regard to J & G Eden, L.L.C., this court finds that the company was not a signatory to the land sales contract and aside from appellees' admission that J & G Eden, L.L.C., collected rents from appellant on several occasions, Appellant has failed to show that J & G Eden, L.L.C., was a proper party to the instant lawsuit. Even assuming that J & G Eden, L.L.C., was properly named as a defendant, we find that the company was also in privity with Climbing Higher

based on John and Gloria Eden's relationship to the limited liability company. As appellees are in privity with one another, appellant's claims against John and Gloria Eden, J & G Eden, L.L.C., and the "2069 Property Trust dated 5/21/98" are also barred by the doctrine of res judicata. *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, at ¶ 8 ("In order to invoke res judicata, one of the requirements is that the parties to the subsequent action must be identical to or in privity with those in the former action").

{¶ 24} For the foregoing reasons, we conclude that the trial court did not err in granting appellees' motion for summary judgment on the ground that appellant's claims were barred by the doctrine of res judicata. Consequently, appellant's assignment of error is not well taken.

## III

{¶ 25} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

CARR, P.J., and BOYLE, J., concur.