FENDER et al., Appellants,

v.

MILES et al., Appellees.

[Cite as *Fender v. Miles*, 185 Ohio App.3d 136, 2009-Ohio-6043.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA2009–01–003.

Decided Nov. 16, 2009.

---

T. Tod Mollaun, for appellants.

Sharon Shartzer, for appellee, Heather Miles.

Robert J. Byrne, for defendant, Brown County Department of Jobs and Family Services.

---

BRESSLER, Presiding Judge.

{¶ 1} Plaintiffs-appellants, Molly E. Fender and her two daughters, appeal a decision of the Brown County Court of Common Pleas dismissing their complaint against defendant-appellee, Heather L. Miles, because of appellants' failure to bring their claims as compulsory counterclaims under Civ.R. 13(A) in a previous action between Miles's insurer and Fender.

{¶ 2} In 2003, Fender's vehicle collided with Miles's vehicle on Greenbush West Road in Brown County, Ohio. At the time of the accident, Fender's two minor daughters, Olivia Fender and Audrey Fetters,[1] were riding as passengers in Fender's vehicle. All of the parties sustained injuries as a result of the accident. Miles and Fender disagreed over which one of them was liable for the accident.

{¶ 3} Miles's insurer, the Progressive Halcyon Insurance Company, paid Miles $41,444.19 under the uninsured-motorist provision of her policy. In 2004, Progressive filed a subrogation claim against Fender in the Clermont County Court of Common Pleas, alleging that Fender "carelessly, wantonly, recklessly and negligently operated a motor vehicle in a manner proximately causing property damage to Miles' car, and bodily injury to her passengers."[2] Progressive's complaint stated that Miles was not a party to the action. When Fender failed to answer the complaint, Progressive moved for and received a default judgment against her in August 2005.

{¶ 4} In September 2005, Fender, Olivia, and Audrey, hereinafter collectively "appellants," filed a complaint against Miles in the Brown County Court of Common Pleas, seeking damages for injuries they sustained as a result of the 2003 accident, which, they asserted, was caused by Miles's negligence.

{¶ 5} In 2007, Miles moved to dismiss appellants' complaint on the grounds that (1) appellants' claims should have been raised in the Clermont County action

---

1. For purposes of clarity, we shall refer to Molly Fender as "Fender," and Olivia Fender and Audrey Fetters as "Olivia" and "Audrey," respectively.

2. It is unclear from Progressive's complaint whether the words "bodily injury to her passengers" referred to Miles's passengers, who have never been identified in these proceedings, or Fender's passengers, Olivia and Audrey. The confusion on this point is inconsequential to the outcome of our decision.

as compulsory counterclaims under Civ.R. 13(A), and since appellants failed to do so, they were barred from raising them now and (2) appellants' claims were barred under the doctrine of res judicata.[3]

{¶ 6} In 2008, the magistrate granted Miles's motion to dismiss for the reasons cited by Miles. In 2009, the trial court overruled appellants' objections to the magistrate's decision and granted Miles's motion to dismiss, finding that "Fender's claim is barred by Ohio Civ. Rule 13(A) [and therefore] the Court will not analyze whether the claim is barred under the doctrine of *res judicata*."

{¶ 7} Appellants now appeal, assigning the following as error:

{¶ 8} "The trial court improperly granted defendant-appellant's [sic] motion to dismiss pursuant to Civil Rule 13(A)."

{¶ 9} Appellants argue that the trial court erred in granting Miles's motion to dismiss their complaint under Civ.R. 13(A), because Miles was not an "opposing party" in the Clermont County action and therefore Civ.R. 13(A) has no application to this case.

{¶ 10} Civ.R. 13(A) states:

{¶ 11} "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

{¶ 12} The failure to assert a compulsory counterclaim operates as a bar to the litigation of the counterclaim in a subsequent lawsuit; thus, failure to assert a compulsory counterclaim constitutes res judicata. See *Forney v. Climbing Higher Ents., Inc.*, 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722, ¶ 20, citing *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 403–404, 536 N.E.2d 22.

{¶ 13} Appellants assert that Civ.R. 13(A) does not apply to this case, because the "opposing party" in the Clermont County action was Miles's insurer, Progressive, not Miles herself, and therefore they were not obligated under Civ.R. 13(A)

---

**3.** Arguably, Miles should not have raised these defenses in a motion to dismiss. Civ.R. 12(B) provides that "[e]very defense, in law or fact, to a claim for relief * * * shall be asserted in the responsive pleading thereto if one is required," except that the pleader, at his or her option, may raise, by way of a motion to dismiss, the defenses listed in Civ.R. 12(B)(1) through (7). Failure to raise a compulsory counterclaim under Civ.R. 13(A) and res judicata are *not* among the defenses that can be raised by a motion to dismiss under Civ.R. 12(B). Thus, Miles should have raised these defenses in her answer or in an amended answer to appellants' complaint. See id. However, appellants did not raise any objection in the trial court, nor have they raised any objection in this court, to the manner in which this case proceeded to final decision, and therefore they have waived any objection they may have had as to this issue.

to bring their claims against Miles in the Clermont County action. However, while Miles was not a named party in the Clermont County action, courts have interpreted the term "opposing party" in Civ.R. 13(A) to include not only named parties in the previous action, but also parties who are "in privity" with a named party.

{¶ 14} In *Keeley & Assoc., Inc. v. Integrity Supply, Inc.* (1997), 120 Ohio App.3d 1, 6–7, 696 N.E.2d 618, the court of appeals upheld a trial court's decision to grant summary judgment against a corporation, Keeley & Associates, that was suing one of its clients, Integrity Supply, for services rendered. The court of appeals found that Keeley & Associates' sole shareholder and employee, C. Robert Keeley, was obligated under Civ.R. 13(A) to bring the corporation's claim as a compulsory counterclaim in a previous action that had been brought by Integrity Supply against Keeley in his individual capacity.

{¶ 15} The court of appeals rejected the argument that Keeley & Associates did not have a legal right to assert a compulsory counterclaim in the prior action since it was never made a party to that action. Specifically, the court of appeals found that Keeley and Keeley & Associates "shared a common identity" for purposes of actions or claims arising out the contract between Keeley & Associates and Integrity Supply, and there was "little doubt" that Keeley would have been permitted to assert the claim on behalf of Keeley & Associates in the earlier action, or that Keeley & Associates would have been permitted to join the earlier action for purposes of asserting the claim. Id.

{¶ 16} In *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.* (C.A.3, 2002), 292 F.3d 384, 392, then Federal Circuit Judge, now United States Supreme Court Justice Samuel Alito interpreted the term "opposing party" in Fed.R.Civ.P. 13(a) to include not only named parties in the previous action, but also parties who are "in privity" with a named party. Justice Alito noted that "[c]ourts have recognized the close connection between Rule 13(a) and the doctrine of claim preclusion [i.e., res judicata,]" and that "in the claim preclusion context, where an earlier lawsuit establishes the rights or liabilities of a party, both the named party and those in privity with it are bound by the holding." Id. at 391. Justice Alito subsequently stated:

{¶ 17} "[I]nsofar as Rule 13(a) embodies the scope and rationale of the doctrine of claim preclusion, it stands to reason that the term 'opposing party' in Rule 13(a) should mirror the understanding of the parallel actors in the res judicata context. Res judicata acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them. See, e.g., *CoreStates Bank, N.A. v. Huls America, Inc.* [C.A.3, 1999] 176 F.3d 187, 194 * * *; *Martino* [v. *McDonald's Sys., Inc.* (C.A.7, 1979) ], 598 F.2d [1079] at 1083. The rationale is that if the adjudication of an action is binding on parties in privity with the

parties formally named in the litigation, then any claims against parties in privity should be brought in the same action lest the door be kept open for subsequent relitigation of the same claims. This is the same reasoning that underlies Rule 13(a). Therefore, 'opposing party' in Rule 13(a) should include parties in privity with the formally named opposing parties." *Transamerica Occidental Life Ins. Co.*, 292 F.3d 384, 392–393.

{¶ 18} In light of *Keeley* and *Transamerica*, we conclude that the term "opposing party" in Civ.R. 13(A) includes not only formally named opposing parties, but also any party who is in privity with a formally named opposing party. We further conclude that Miles was in privity with a formally named opposing party in the Clermont County action, namely, her insurer, Progressive.

{¶ 19} A party is "in privity" with another if it "succeeds to an estate or an interest formerly held by the other," see *Lennon v. Neil* (2000), 139 Ohio App.3d 437, 744 N.E.2d 228, or where a party is "so identified in interest with [another]" that the party "represents the same legal right." *Midwest Curtainwalls, Inc. v. Pinnacle 701, L.L.C.*, Cuyahoga App. No. 92269, 2009-Ohio-3740, 2009 WL 2332049, ¶ 43, citing *Deaton v. Burney* (1995), 107 Ohio App.3d 407, 669 N.E.2d 1. "[A] mutuality of interest, including an identity of desired result," may also create privity between parties. *Brown v. Dayton* (2000), 89 Ohio St.3d 245, 248, 730 N.E.2d 958.

{¶ 20} In this case, Miles was in privity with her insurer, Progressive, with respect to the 2003 accident because they were "so identified in interest" that they represented "the same legal right," namely, both parties represented the right to seek recovery against Fender upon showing that she, rather than Miles, was at fault for the 2003 accident. *Midwest Curtainwalls, Inc.* For the same reason, Miles and Progressive also had a "mutuality of interest, including an identity of desired result," which created privity between them. *Brown.*

{¶ 21} Since Miles was in privity with Progressive regarding the 2003 accident, Miles was an "opposing party" in the Clermont County action for purposes of Civ.R. 13(A). Therefore, Fender was required to bring any counterclaim she had against Miles in that action, which she easily could have done by having Miles joined as a party to that action. See *Keeley & Assoc., Inc.*, 120 Ohio App.3d at 6–7, 696 N.E.2d 618. Because Fender did not, she has waived any counterclaim she may have had against Miles. See id. and *Forney*, 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722, at ¶ 20.

{¶ 22} Appellants also argue that Civ.R. 13(A) is inapplicable to this case because their claims required for their adjudication the presence of a third party, namely, Miles, of whom, appellants contend, the Clermont County Court of

Common Pleas could not have obtained jurisdiction. We find this argument unpersuasive.

{¶ 23} Appellants have cited no authority in support of this assertion, and the only argument they make in support of it is that the 2003 accident occurred in Brown County and Miles resides in Highland County, yet Miles's insurer chose to bring the subrogation action against Fender in Clermont County. However, these facts do not establish that the Clermont County Court of Common Pleas would have been unable to acquire jurisdiction over Miles; rather, they merely establish the possibility that the 2004–2005 subrogation action was improperly venued in Clermont County. Civ.R. 3(B) provides that "[a]ny action may be venued, commenced, and decided in any court in any county." If an action is improperly venued in one county, a litigant may timely raise his or her claim of improper venue under Civ.R. 12(B). Fender had an opportunity to raise the issue of improper venue in the Clermont County action but chose not to raise that defense or any other in that action; therefore, she has waived it. See Civ.R. 3(C)(1).

{¶ 24} Appellants contend that even if res judicata applies, the trial court should have permitted their action "to continue in equity." However, there was nothing unjust or inequitable in applying the doctrine of res judicata against Fender in this matter since she had "a full and fair opportunity" to litigate any claim she had against Miles in the Clermont County action. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 383, 653 N.E.2d 226.

{¶ 25} Appellants assert that even if the default judgment entered in the Clermont County action is binding on Fender, the judgment cannot be binding on Olivia and Audrey since they were never made parties to that action. In response, Miles points out that appellants never raised this issue in the trial court, the trial court did not address it, and "therefore [the issue] is not ripe for appeal."

{¶ 26} However, Miles then argues that Olivia and Audrey cannot bring their own claims since they are minors and no one brought suit on their behalf, as required by Civ.R. 17(B). Miles further argues that even if Fender had "brought the claims on behalf of the minors, as their next friend, the time to have done this would have been during the Clermont County case," and since Fender failed to do so, Olivia's and Audrey's claims are barred by the doctrine of res judicata.

{¶ 27} We agree with Miles that appellants failed to raise the argument regarding Olivia's and Audrey's claims against Miles in their objections to the magistrate's decision or at any other time during the proceedings in the trial court. Civ.R. 53(D)(3)(b)(iv) provides that except for a claim of plain error, a party is not permitted to assign as error on appeal the trial court's adoption of

any factual or legal conclusion unless the party has objected to that finding or conclusion. "Plain error" in a civil case is error that is " 'obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings.' " *In re J.M.*, Clermont App. No. CA2006–11–096, 2007-Ohio-4219, 2007 WL 2350125, ¶ 31, quoting *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 24 O.O.3d 316, 436 N.E.2d 1001.

{¶ 28} "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 121, 679 N.E.2d 1099.

{¶ 29} While the plain-error doctrine is "not favored" in civil cases and is to be applied only in "extremely rare" instances, see id. at syllabus, the trial court's decision to dismiss Audrey's and Olivia's claims constituted civil plain error under the circumstances of this case.

{¶ 30} "[A] minor has no standing to sue before he or she reaches the age of majority." *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 275, 28 OBR 346, 503 N.E.2d 717; see also *Adamsky v. Buckeye Local School Dist.* (1995), 73 Ohio St.3d 360, 363, 653 N.E.2d 212, fn. 5. Civ.R. 17(B), which sets out how a suit may be brought on behalf of a minor, states:

{¶ 31} "Whenever a minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. If a minor or incompetent person does not have a duly appointed representative the minor may sue by a next friend or defend by a guardian ad litem. When a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person."

{¶ 32} As Miles points out, Fender failed to bring Olivia's and Audrey's claims against Miles on their behalf, as their "next friend," as required by Civ.R. 17(B). However, appellants' complaint stated that Olivia and Audrey are minors and that they had sustained injury as a result of Miles's negligence. Moreover, Civ.R. 17(B) provides that "[w]hen a minor * * * is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor." Upon seeing that Olivia's and Audrey's claims were not being brought by "a next friend," the trial court

should have issued an order correcting this oversight in order to protect the minors' interests. See id.

{¶ 33} Furthermore, Olivia's and Audrey's claims against Miles are not barred under the doctrine of res judicata since Olivia and Audrey were not made parties to the Clermont County action, nor were they "in privity" with any named party in that action, including Fender, since privity generally does not arise out of the parent-child relationship, see *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 10, citing *Johnson v. Norman* (1981), 66 Ohio St.2d 186, 190–191, 20 O.O.3d 196, 421 N.E.2d 124, especially when the interests of the parent and child are different. *Fitzpatrick v. Fitzpatrick* (1998), 126 Ohio App.3d 476, 483, 710 N.E.2d 778.

{¶ 34} In this case, Olivia's and Audrey's interests were different from Fender's interest because, unlike Fender, Olivia and Audrey could have recovered against Miles even if she was less than 50 percent responsible for the 2003 accident. See R.C. 2307.22(A)(2) ("[E]ach defendant who is determined by the trier of fact to be legally responsible for the same injury or loss to person or property * * * and to whom fifty per cent or less of the tortious conduct is attributable shall be liable to the plaintiff only for that defendant's proportionate share of the compensatory damages that represent economic loss"). Therefore, finding that Olivia's and Audrey's claims were barred under Civ.R. 13(A) or the doctrine of res judicata as a result of Fender's failure to raise those claims on their behalf in the 2003 action, as Miles would have us do, would work a serious injustice on Olivia and Audrey because it would deprive them of their "day in court." Consequently, the trial court committed civil plain error in dismissing Olivia's and Audrey's claims against Miles without addressing the substantive merits of their claims.

{¶ 35} The trial court's judgment is affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings consistent with this opinion and in accordance with the law of this state.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

POWELL and RINGLAND, JJ., concur.